Floyd Ray GEARING, Appellant,

v.

The STATE of Texas, Appellee.

No. A14-81-796-CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 18, 1983.

---

Neal Y. Pickett, Houston, for appellant.

J. Sidney Crowley, Asst. Dist. Atty., Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

Floyd Ray Gearing appeals his conviction for possession of a firearm by a felon. After appellant waived trial by jury, the court found him guilty of the offense and assessed punishment, enhanced by two previous convictions, at life imprisonment.

On July 21, 1981, at approximately 3:15 a.m., Officer S.A. Vaughn of the Pasadena Police Department observed appellant sitting alone in an automobile in the parking lot of the Sandstone II apartments in Pasadena. Appellant was "slouched over" the steering wheel with the motor running; the car lights were off. Vaughn approached and asked Gearing to step out of the car. As appellant opened the door, Vaughn spotted a pistol on the floorboard on the driver's side of the car.

By third ground of error, appellant contends that the detention which led to the discovery of the weapon was unlawful.

A police officer may briefly stop a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information. *Shaffer v. State*, 562 S.W.2d 853 (Tex.Crim.App.1978). In order to justify the stop, the law enforcement officer must have specific articulable facts which, in light of his experience and personal knowledge, together with inferences from those facts, would reasonably warrant the intrusion. *Id.* at 855.

Based upon the totality of the circumstances, we find that the officer had sufficient reason to make an investigative stop. Vaughn testified about several recent arrests made in the Sandstone complex parking lot for burglary, theft, and drug possession and trafficking. At such an early hour of the morning, and under the circumstances detailed above, Vaughn acted reasonably in attempting to secure more information from appellant. The circumstances would justify the officer's suspicion that some activity out of the ordinary was occurring or had occurred. Thus, the gun was subject to seizure when Vaughn spotted it in plain view while making a lawful investigative stop. *Ebarb v. State*, 598 S.W.2d 842 (Tex.Crim.App.1979). Ground of error three is overruled.

In his first ground of error, appellant contends the court erred in denying his motion for continuance. The transcript before us contains no case reset forms; however, there are several pre-trial motions which were filed in the trial court by appellant's counsel on August 18, 1981. Appellant maintains that the case was set on

September 30 for trial on October 5, 1981, on a form signed by the court coordinator. Appellant steadfastly urges he had no notice of the trial setting until September 30 and was not prepared to proceed when the case was called to trial on October 5, 1981.

On the basis of the record before us, we cannot hold that the court abused its discretion in denying appellant's motion for continuance. Appellant alleges in his brief and in oral argument his attorney did not receive notice of the trial setting until September 30; however, this allegation is not supported by a reference to testimony offered in a bill of exceptions or motion for new trial. Additionally, appellant states that his attorney was preparing to proceed on other charges pending against appellant for unauthorized use of a motor vehicle, Cause No. 338,128, rather than this case, Cause No. 340, 303. However, the record contains many pre-trial motions bearing a type-written notation "338,128" which has been marked out and the docket number "340,303" handwritten in its place. Among these motions is a motion to suppress the pistol which was recovered from appellant's vehicle at the time of his arrest. Apparently, appellant takes the position that he was not able to adequately research and present to the court statistics which would reflect the "general attitude" of the Pasadena Police Department and the high number of arrests made by the police at the apartment complex which did not result in the filing of criminal charges. Appellant urges that the admission of this testimony would have caused the court to exclude the pistol from evidence under his motion to suppress. Absent a showing of prejudice, we cannot agree that the court abused its discretion in overruling appellant's motion for continuance. *See Sanne v. State,* 609 S.W.2d 762 (Tex.Crim.App.1980).

In a related ground of error, appellant complains of the court's failure to consider testimony concerning "prior arrests [and] illegal searches" which were made by the Pasadena Police Department at the Sandstone II apartment complex. Appellant cites no authorities in support of his

position nor does he cite this court to the portion of the record where the alleged error occurred. Nothing is presented for review. *Woods v. State,* 569 S.W.2d 901 (Tex.Crim.App.1978), *cert denied,* 453 U.S. 913, 101 S.Ct. 3145, 69 L.Ed.2d 995 (1981). Grounds of error one and two are overruled.

Appellant also contends that the court's order that the entire indictment be read denied him the right to trial by jury. Appellant has failed to point out when this ruling occurred or how it affected his right to trial by jury. Ground of error four is overruled.

In grounds of error eight and nine, appellant complains of constitutional infirmities of various provisions of the penal code. Specifically, he contends TEX. PENAL CODE ANN. § 46.05 (Vernon 1974) is void for vagueness in that it fails to apprise appellant of the circumstances under which he could own a firearm. These contentions have been answered adversely to appellant by the court of criminal appeals in *Shepperd v. State,* 586 S.W.2d 500 (Tex.Crim.App.1979) and *Runo v. State,* 556 S.W.2d 808 (Tex.Crim.App. 1977). Additionally, he urges that the habitual offender statute, TEX.PENAL CODE ANN. § 12.42(d) (Vernon 1974), deprives him of the right to trial by jury. We find no merit in this argument. A defendant is afforded the right to have the jury determine the truth of the allegations brought by the state to enhance punishment. TEX.CODE CRIM.PROC.ANN. arts. 37.07 (Vernon 1981) & 27.02 (Vernon Supp.1982–1983). Grounds of error eight and nine are overruled.

In ground of error five, appellant states that he was twice placed in jeopardy by the testimony of two witnesses for the state.

The state called an expert witness who identified appellant's fingerprints and testified that they were identical to those on the certified copies of the penitentiary packets which contained records of appellant's previous convictions. Herbert Laufman testified that he was the owner of Laufman's

grocery when the store was burglarized by forceful entry on July 19, 1976. Apparently, appellant's complaint is that this testimony had already been used against him in the previous trial.

■■■ In a trial for possession of a firearm by a felon, the state must prove that the defendant was previously *convicted* of a felony involving violence, or threatened violence, to a person or property. *Waffer v. State,* 460 S.W.2d 147 (Tex.Crim.App.1970). The constitutional doctrine of double jeopardy rests upon the premise that no person should twice be placed in jeopardy for the same *offense.* Section 46.-05 prohibits one who has been *convicted* of a felony involving violence from carrying a weapon. The statute does not entail additional prosecution or punishment for the same *offense.* The prior *conviction* is an element to be proved by the state and constitutes *a part of* an entirely new offense. Thus the previous conviction is not an "offense" within the meaning of the double jeopardy clause. Ground of error five is overruled.

Appellant alleges in ground of error six that the evidence is insufficient to support a finding that he was twice previously convicted of felonies involving violence.

■■■ The state introduced penitentiary packets, properly authenticated, with judgments and sentences and fingerprints of Floyd Ray Gearing from 1962 and 1967 convictions of burglary. The documents contain proper certification from the record clerk of the Texas Department of Corrections. There was testimony which established that appellant's fingerprints matched those contained in the pen packets. The evidence is sufficient to show that appellant had two previous felony convictions. Prior felony convictions used for enhancement purposes need not involve an act of violence. TEX.PENAL CODE ANN. § 12.-42(d) (Vernon 1974). The contention is overruled.

In ground of error seven, appellant urges the court erred in using a previous conviction as an element of the instant offense as well as for enhancement purposes under the habitual offender statute.

■■■ The record reflects that the conviction in cause number 127697 was alleged and proved as an element of the offense of possession of a firearm by a felon and as part of the enhancement. A prior conviction is not available to enhance punishment for an offense of which it is an essential element. *Ramirez v. State,* 527 S.W.2d 542 (Tex.Crim.App.1975). Ground of error seven is sustained. The offense of possession of a firearm by a felon is a felony of the third degree. However, since the conviction was properly enhanced by one previous conviction, the conviction for the instant offense calls for punishment as a second degree felony: confinement for any term of not more than twenty years nor less than two years in addition to a fine of up to $10,000.00. TEX.PENAL CODE ANN. § 12.33 (Vernon 1974). Since the punishment was assessed by the court, the punishment previously assessed is set aside, and the cause is remanded for reassessment of punishment within the range prescribed for second degree felonies. *See Cooper v. State,* 631 S.W.2d 508, 513 (Tex.Crim.App.1982).