**Kenneth Gale LEBERTA, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–87–271–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 23, 1988.

Rehearing Denied May 11, 1989.

Alley & Alley and T. Richard Alley, Fort Worth, for appellant.

Tim Curry, Dist. Atty., David L. Richards, and Charles Brandenberg, Asst. Dist. Attys., Fort Worth, for the State.

Before FENDER, C.J., and FARRIS and HUGHES (Retired, Sitting by Assignment), JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Kenneth Gale Leberta, was convicted by a jury of the offense of voluntary manslaughter. *See* TEX. PENAL CODE ANN. sec. 19.04 (Vernon 1974). The jury assessed punishment at sixty years confinement in the Texas Department of Corrections and a $10,000 fine.

We affirm.

On March 1, 1986, appellant and his roommate, Rodney Sanders, had a fight at a gravel pit in Fort Worth, Texas. Sanders's body was found near the pit later the same day. An autopsy revealed that Sanders had suffered several stab wounds in the neck, and at least five blows to the head. Appellant gave police a statement in which he detailed the fight and recalled striking Sanders in the head with a tool. Medical testimony indicated that Sanders died as a result of loss of blood from the head wounds. A jury found appellant guilty of voluntary manslaughter, and, based on an enhancement paragraph, sentenced appellant to sixty years imprisonment and fined him $10,000.

Appellant brings seven points of error. Points one and two allege improper excusal of prospective jurors. Points three and four charge that the evidence was insufficient to support a conviction. In point five, appellant argues that the issue of whether appellant used a deadly weapon was wrongfully submitted to the jury. Point six finds error with the proof for the enhancement paragraph. Finally, point seven alleges that appellant was not awarded all credits for time served in jail to which he was entitled.

■ In his first point of error appellant alleges that the trial court erred in *sua sponte* excusing venireperson Anne Young McBurnett over the objection of the appellant. During the lunch break, Ms. McBurnett approached the trial judge and told him of a problem. After lunch, the court, on its own motion, excused this venireperson. Venireperson McBurnett stated that her mother had gone into the hospital to have some tests done. She was not certain whether it was for a serious matter or not, but she informed the court if it were to become serious she would have to go to her mother (who lived some three hours away). The trial judge excused venireperson McBurnett on his own motion concluding:

THE COURT: Well, my concept is this: If you have a prospective juror whose mother has something wrong, the cause and problem is unknown, if there's a chance she's going to have surgery and we're two or three days deep into trial, if she gets a call and her mama has surgery, we are going to have to recess the trial for two or three days or whenever her mother gets all right. If her mother has a long, serious bout of recovery, and the trial is recessed for too long, we have a mistrial and I'm not going to get into that switch and—and the record will reflect your objection.

Appellant's counsel objected, stating he would have preferred to keep venireperson McBurnett on the panel. The trial judge overruled the objection. On appeal, appellant's counsel contends that this excusal amounted to an additional peremptory challenge for the State, and that appellant

should have received additional challenges to compensate for this. The trial judge noted that he was excusing her for the reason of her mother's potential difficulties.

We find the trial court's action to be permissible as an excuse under TEX.CODE CRIM.PROC.ANN. art. 35.03 (Vernon Pamph.Supp.1989). Article 35.03, section 1 reads in pertinent part:

[T]he court shall then hear and determine excuses offered for not serving as a juror, and if the court deems the excuse sufficient, the court shall discharge the juror or postpone the juror's service to a date specified by the court.

*Id.* We believe the situation in this case to be an excuse and not, under article 35.16, a strike for cause. The standard of review for granting excusals based on article 35.03 is the discretion of the trial court. *Ott v. State,* 627 S.W.2d 218, 228 (Tex.App.—Fort Worth 1981, pet. ref'd). We do not find that the trial judge abused his discretion in granting the excuse.

We find *Richardson v. State,* 744 S.W.2d 65 (Tex.Crim.App.1987) and *Bell v. State,* 724 S.W.2d 780 (Tex.Crim.App.1986) to be inapplicable to this case. Both of these cases were based on the premise that the trial judge has *sua sponte* struck for cause. In the present case there was no basis for striking this juror for cause. She approached the judge at the lunch break and informed him of a possible problem with her jury service. In court she explained that she might need to leave town if her mother had serious problems. We hold that these facts bring this situation into the realm of excuse. It is not sufficient in this case for the appellant to show harm by the fact that the State exhausted all of its peremptory challenges; instead, the appellant must show the trial judge abused his discretion by excusing the venireperson. Having found no abuse of discretion, we overrule appellant's point of error number one. We also find that in an excusal situation (as here) it would be inappropriate to grant the appellant an additional peremptory challenge.

In point of error number two, appellant complains that the trial court erred in *sua sponte* excusing prospective juror Jonathan Grover over the objection of the appellant. At the outset we note that the State moved to strike venireperson Grover on grounds of cause. The trial court granted this motion. Thus, there was no *sua sponte* excusal in this situation.

During voir dire, venireman Grover expressed a distrust of both lawyers, of the judge, and of most of the legal system. He further stated that if the jury decided to disregard the law the judge gave them in the charge, he would go along with them. Further, venireperson Grover testified that he was under the treatment of a psychologist that involved discussing the stressful events that occurred during the day. The trial judge, after an oral motion by the State, struck venireperson Grover based on the following:

[THE COURT:] And No. 18, Mr. Grover, I excused him for cause because of the answers to questions propounded to him and because of his—was greatly concerned by the fact that part of his therapy with his psychologist is telling his therapist of each—of all the stresses that he had suffered each day. I was concerned with the fact that the therapist would then—the psychologist would then start injecting material into his thinking processes in violation of his oath as a juror.

After this, appellant requested two additional peremptory strikes (to account for the excusal of venirepersons McBurnett and Grover). The trial judge denied the request for the additional strikes.

We find the striking of venireperson Grover for cause proper under TEX.CODE CRIM.PROC.ANN. art. 35.16(b)(3) (Vernon 1966). This article reads in part:

(b) A challenge for cause may be made by the State for any of the following reasons:

. . . .

3. That he has a bias or prejudice against any phase of the law upon which the State is entitled to rely for conviction or punishment.

*Id.* We believe that venireperson Grover's answer that he would not follow the law if he and the rest of the jury thought it improper to be covered by article 35.16(b)(3). The State properly objected, and we hold the trial judge committed no error in striking the venireperson on article 35.16(b)(3) grounds. Since we find the striking proper on these grounds, we decline to review whether it would have been proper on the grounds of Grover's mental condition or that he would violate his oath by conferring with his psychologist. Appellant's second point of error is overruled and we again find appellant was not entitled to additional peremptory strikes.

In point three appellant alleges that there was insufficient evidence to support the jury's verdict of guilt on the voluntary manslaughter charge. Point four states that the failure of the jury to find the appellant acted in self-defense is against the great weight and preponderance of the evidence. Since these two points are related we will discuss them together. In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict, *see Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on reh'g).

The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See id.*

TEX.PENAL CODE ANN. sec. 19.02 (Vernon 1974) reads in part:

Sec. 19.02. Murder

(a) A person commits an offense if he:

(1) intentionally or knowingly causes the death of an individual;

(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual....

*Id.* Section 19.04 reads in part:

Sec. 19.04. Voluntary Manslaughter

(a) A person commits an offense if he causes the death of an individual under circumstances that would constitute murder under Section 19.02 of this code, except that he caused the death under the immediate influence of sudden passion arising from an adequate cause.

TEX.PENAL CODE ANN. sec. 19.04.

■ In examining the evidence introduced at trial, we find that a rational trier of fact could have found the appellant guilty of voluntary manslaughter beyond a reasonable doubt. The State introduced a written statement by the appellant which detailed the struggle he had with the victim. The medical examiner testified that the victim's death was caused as a result of blood loss because of severe head injuries. In his statement, appellant recalled having beat him in the head with a jacket core (a tool). The statement also reflects that the fight began over a discussion about the appellant's girlfriend, and that appellant stated that Sanders had started the fight. We believe the evidence is sufficient for a rational jury to find each of the elements of voluntary manslaughter beyond a reasonable doubt.

■ Appellant contends that the jury should have found him not guilty because of self-defense. Appellant's statement reflects that Sanders began the fight. Appellant argues that this is unrebutted, and that the jury should have found him not guilty on self-defense grounds. We disagree. The State introduced testimony from the medical examiner to the effect that the first blow on the head rendered the victim unconscious and incapable of further struggle. The jury may well have believed that appellant lost the right to protect himself from immediate danger when the alleged agressor was unconscious. *See* TEX.PENAL CODE ANN. sec. 9.31 (Vernon 1974). Further, the jury may have concluded that the facts as presented in the appellant's statement did not perfect a self-defense theory. We find, based on the evidence, that the jury could have returned a guilty verdict beyond a reasonable doubt on the crime of voluntary manslaughter. Appellant's points of error three and four are overruled.

■ In point of error number five appellant asserts that the trial court erred in entering a finding that appellant used or exhibited a deadly weapon. The record reflects the following statement by appellant's counsel before trial:

MR. ALLEY: Mr. Leberta, I would like for you to be aware that earlier today the State made its first offer to us, which I'm required to tell you about, and that is in exchange for a plea of guilty to the offense of murder as alleged in the Indictment, they would recommend to the Judge that you receive a sentence of 25 years. They would also request the Judge make an affirmative finding of the use and exhibition of a deadly weapon during the course and commission of this offense, and I would like to communicate that offer to you and ask you at this time if you accept or reject that offer?

THE DEFENDANT: I reject it.

During the punishment phase, the judge submitted a special issue to the jury on whether the appellant had used a deadly weapon. The jury returned a finding that appellant had used a deadly weapon. Appellant contends submission of this issue to the jury was in error as he had no pretrial notice that such a finding would be asked for. In *Ex parte Patterson,* 740 S.W.2d 766 (Tex.Crim.App.1987), the court of criminal appeals found that a defendant is entitled to pretrial notice that the State intended to seek a finding that a crime involved the use of a deadly weapon. *Id.* at 777–78. In *Kirkpatrick v. State,* 747 S.W.2d 521 (Tex.App.—Fort Worth 1988, pet. ref'd)

(opinion on reh'g), this court held that notice could be given orally during plea bargaining. *Id.* at 523. We find that in the present case the record reflects that notice was given orally during the plea bargaining phase of the trial. Accordingly, appellant's fifth point of error is overruled.

In point of error number six, appellant contends that the trial court erred in overruling appellant's objections to the introduction of evidence prior to the appellant entering a plea to the enhancement allegations. At the punishment phase of the testimony the State introduced evidence of an earlier parole revocation hearing of the appellant on another burglary charge. Appellant then was asked how he would plead to the charge in the enhancement paragraph. Appellant's counsel then objected to the earlier testimony that had been introduced before the enhancement allegation.

Evidence proving the enhancement allegation which is introduced before the defendant pleads in the punishment phase is not properly before the jury and is error if it is not struck. *Welch v. State,* 645 S.W.2d 284, 285 (Tex.Crim.App.1983). However, such error may be rendered harmless by reintroduction of the testimony after the plea, by stipulation to do the same, or by other evidence proving the prior conviction which is introduced after the defendant pleads to the enhancement allegation. *Id.* After the appellant entered his plea, the State introduced a properly authenticated penitentiary packet of the appellant's prior conviction which was alleged in the enhancement paragraph of the indictment. This packet contained the judgment, sentence, and fingerprints of appellant's prior conviction. There was also testimony (after the plea) that appellant's fingerprints matched those contained in the pen packet. This evidence is sufficient to show appellant's prior felony conviction. *See Gearing v. State,* 685 S.W.2d 339, 343 (Tex.App.—Houston [14th Dist.] 1983), *aff'd on other grounds,* 685 S.W.2d 326 (Tex.Crim.App.1985) (opinion on reh'g). The evidence introduced before the plea was not needed to prove the prior convic-

tion. In fact, such evidence dealt with a prior parole revocation hearing of appellant. The evidence is admissible to show prior bad acts in the punishment phase under TEX.CODE CRIM.PROC.ANN. art. 37.07, sec. 3(a) (Vernon Supp.1989). Thus, appellant can show no harm by the introduction of such evidence. Appellant's point of error number six is overruled.

In point of error number seven, appellant alleges that the trial court erred in failing to award to appellant all credits upon his sentence to which he was entitled. Appellant cites us no record references (and we cannot find any) to where such an action by the trial court can be found. Likewise, the State could not find the complained of error. When a point of error cites no record reference or page number indicating where error complained of occurred, nothing is presented for review. *Cook v. State,* 611 S.W.2d 83, 87 (Tex.Crim. App. [Panel Op.] 1981). Appellant's point of error number seven is summarily overruled.

The judgment of the trial court is affirmed.

Before WEAVER, C.J., and FARRIS and MEYERS, JJ.

## OPINION ON MOTION FOR REHEARING

FARRIS, Justice.

We grant Leberta's motion for rehearing for the limited purpose of reconsidering point of error five in his original brief filed in this appeal (point three in his motion for rehearing) complaining that the trial court erred in entering a finding that Leberta used or exhibited a deadly weapon. Based upon the recent Court of Criminal Appeals' decisions of *Gilbert v. State* and *Ex parte Beck,* we find no error and reaffirm Leberta's conviction.

The indictment contained the following allegations:

KENNETH GALE LEBERTA ... DID THEN AND THERE INTENTIONALLY AND KNOWINGLY CAUSE THE DEATH OF AN INDIVIDUAL, RODNEY SANDERS, BY STRIKING THE

SAID RODNEY SANDERS WITH A BUMPER JACK;

... DID THEN AND THERE INTENTIONALLY WITH THE INTENT TO CAUSE SERIOUS BODILY INJURY TO RODNEY SANDERS, COMMIT AN ACT CLEARLY DANGEROUS TO HUMAN LIFE, NAMELY, STRIKE THE SAID RODNEY SANDERS WITH A BUMPER JACK, WHICH CAUSED THE DEATH OF RODNEY SANDERS;

... DID THEN AND THERE INTENTIONALLY AND KNOWINGLY CAUSE THE DEATH OF AN INDIVIDUAL, RODNEY SANDERS, BY STRIKING THE SAID RODNEY SANDERS WITH A ROCK AND BY STRIKING THE SAID RODNEY SANDERS WITH AN INSTRUMENT, THE EXACT DESCRIPTION OF WHICH IS UNKNOWN TO THE GRAND JURY; ...

Leberta's complaint is the indictment did not allege that any instrument was used as a deadly weapon and he was not given notice that the State would seek a deadly weapon finding. This point is controlled by the recent Court of Criminal Appeals' opinions in *Gilbert v. State*, 769 S.W.2d 535, 536 (Tex.Crim.App.,1989) and *Ex parte Beck*, 769 S.W.2d 525, 526 (Tex.Crim. App.,1989).

In *Gilbert*, the indictment alleged that "[Gilbert] then and there knowingly and intentionally engage[d] in conduct that caused serious bodily injury to [complainant] ... by placing the said complainant into hot liquid...." The trial court submitted a deadly weapon charge over the defendant's objection and the Court of Criminal Appeals held that appellant had sufficient notice, citing the *Beck* opinion. The court held the language of the *Gilbert* indictment was sufficient notice that the State would seek a deadly weapon charge because it necessarily included an allegation that the hot liquid (water) was a deadly weapon because in the manner of its use it was capable of causing serious bodily injury. We are aware of the risk in citing recent Court of Criminal Appeals' opinions in which motions for rehearing may be pending. *See Yeager v. State*, 727 S.W.2d

280, 281 n. 1 (Tex.Crim.App.1987). However, we are so persuaded by the logic of the court's opinions in *Gilbert* and *Beck* that we confidently overrule Leberta's complaint with regard to the deadly weapon finding.

The judgment of the trial court is affirmed.