Roger GRANT, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–81–0075–CR.

Court of Appeals of Texas, Amarillo.

June 30, 1982.

E. Dean Roper, Amarillo, for appellant.

Danny E. Hill, Dist. Atty., Ken Johnson, Asst. Dist. Atty., Amarillo, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

BOYD, Justice.

Roger Grant appeals his conviction of murder and his jury assessed punishment of life confinement and fine of $10,000.00. He raises two grounds of alleged error. In ground one, he argues the trial court erred in permitting the State to read the indictment and in receiving appellant's not guilty plea after both sides had completed presentation of the evidence. He further asserts the language used in his sentence was not sufficient to cumulate his punishment with a prison sentence previously received by him. We disagree with these contentions and affirm the judgment of the trial court.

In ground one, appellant argues the trial court erred in allowing the State to read the indictment and in receiving the appellant's plea of not guilty after all evidence had been presented and both sides had closed.

The record reveals that, after the receipt of all evidence, Grant's counsel discovered the indictment in this case had never been read, and consequently, Grant had not entered a plea. He immediately moved for a mistrial. The State then moved to reopen the case in order to read the indictment and have Grant enter his plea. After consideration of the problem, the trial court announced he was going to allow the reading of the indictment and receipt of Grant's plea. He also announced that the State would be required to present its case a second time unless Grant waived such representation or stipulated that all the evidence offered after the reading of the indictment would be the same as that offered

prior to the reading. He then offered Grant an opportunity to consult with his counsel.

This dialogue between the court and Grant's counsel then ensued:

MR. ROPER: Just for the purpose of the record, let me explain to the Court what our position is.

THE COURT: After you explain it, I'll make sure Mr. Grant is agreeable to it.

MR. ROPER: It's the position of the Defendant and counsel for the Defendant that number one, that it is error, abuse of discretion by the Court to allow the State to reopen, period.

And by our stipulations, et cetera, we want it clear on the record that we're not waiving our objection to the Court's abuse of discretion in allowing the State to reopen.

Based on the Court's ruling, that being that it is the decision of the court to allow the State to reopen and re-present their evidence, that it's the position of myself and the Defendant, Roger Grant, that for the State to be given the opportunity to retender their evidence and, in effect, re-emphasizing their guilt, and, in addition putting the defendant in jeopardy again, we're not waiving any rights we might have to plead double jeopardy.

We feel like that by the State retendering all their evidence, would further prejudice the Defendant. Of the alternatives that the Court has given the Defense, that being either to stipulate to the evidence, waive our right to require the State to reproduce every witness and every item of physical evidence, that the lesser of the evils, so to speak, would be simply to take the latter option the Court has given us, *that being to stipulate to the evidence and waive our right to force the State to retender all their witnesses.*

By doing that, again, for the purposes of the record, we want it clear on the record that we are not waiving our objections whatsoever. We are not waiving our right as to the record and our objections as to abuse of discretion by the Court.

And the only reason we've made this decision is we feel that the first option that the Court gave us would further prejudice the Defendant and we have no alternative to try the case to this jury, and based on those options the Court has given us, we have elected the second option.

THE COURT: All right. Let's also make it clear that in your *waiving the reintroduction of the evidence,* you're not waiving any objections you made during the first introduction.

MR. ROPER: That's true.

Upon interrogation and explanation by the Court, the appellant joined in the waiver.

It is well established in this State that the first step in a felony trial is the reading of the indictment. Tex.Code Crim. Pro.Ann. art. 36.01 (Vernon 1981). That step is mandatory, and the failure to take it is reversible error. *Essary v. State,* 53 Tex. Cr.R. 596, 111 S.W. 927, 931 (1908). However, if the error is discovered, the indictment may then be read to the jury, at which time the State may re-introduce its proof, unless the defendant waives the reintroduction of the evidence. *Barbee v. State,* 32 Tex.Cr.R. 170, 22 S.W. 402 (1893); *Hearne v. State,* 58 S.W. 1009 (Tex.Cr.App. 1900); *Essary v. State, supra; Johnson v. State,* 118 Tex.Cr.R. 291, 42 S.W.2d 782, 783 (1931); *Castillo v. State,* 530 S.W.2d 952, 954 (Tex.Cr.App.1976).

In this case, upon the discovery that the indictment had not been read, the trial court permitted the State to re-open its case and read the indictment, to which the appellant entered a plea of not guilty. Although he continued to object to allowing the State to re-open, the appellant, together with his counsel, waived the re-introduction of the State's evidence. This being the case, the procedure followed by the court was proper. *See Trammell v. State,* 445 S.W.2d 190, 193–94 (Tex.Cr.App.1969).

The portion of the sentence challenged in ground two reads as follows:

IT IS FURTHER ORDERED by this Court that this sentence is to be stacked

and is hereby stacked on the sentence that the defendant Roger Grant received in Cause # 19,329–C, 251st Judicial District Court in and for Potter County, Texas the same being ten (10) years confinement in the Texas Department of Corrections.

Trial judges are given by statute the discretion to cumulate sentences. Tex. Code of Crim.P. art. 42.08 (Vernon 1979). A sentence is a final judgment and should be sufficient on its face to effect its purpose without resort to evidence in aid thereof. It should further convey to the authorities at the Texas Department of Corrections or any county jail clear and unequivocal orders of the trial court so that they may know definitely how long to detain the convict or prisoner. *Ex Parte Lewis*, 414 S.W.2d 682, 683 (Tex.Cr.App.1967).

In *Ex Parte Hamilton*, 163 Tex.Cr.R. 283, 290 S.W.2d 673, 674 (1956), the court pointed out that an order of cumulation should give

(1) the number of such prior convictions,

(2) the correct name of the court in which the prior conviction was had,

(3) the date of the prior conviction, and

(4) the term of years assessed in the prior case.

In *Ex Parte Shields*, 371 S.W.2d 395 (Tex. Cr.App.1963), *cert. denied*, 379 U.S. 860, 85 S.Ct. 119, 13 L.Ed.2d 63 (1964), the court upheld an order of cumulation containing the number of the cause, the date and the name of the court. In that opinion, the court cited various cases upholding cumulation orders that contained only two details of the prior conviction.

With this background, we proceed to examine the cumulation order in the case at bar. It presents two questions for decision. The first question is whether the failure to include the date of the prior conviction is fatal. We think it is not. In *Ex Parte Collier*, 156 Tex.Cr.R. 377, 243 S.W.2d 177, 178 (1951) and in *Ex Parte McClain*, 161 Tex.Cr.R. 400, 278 S.W.2d 140 (1955) the court upheld cumulation orders which included only two of the suggested elements:

the number of the prior cause and the name of the court in which the prior conviction was obtained. The instant order contains both these elements, and, in addition, the term of years assessed in the prior case.

The second question presented is whether the use of the language "stacked" and "stacked on" is sufficient to show clearly the court's intent to cumulate service of this sentence and to clearly and unequivocally tell the Texas Department of Corrections how long to detain appellant. We think the language used is sufficient to accomplish both of these purposes.

Words defined in dictionaries and with meanings so well known as to be understood by a person of ordinary intelligence are not impermissibly vague and indefinite. *Powell v. State*, 538 S.W.2d 617, 619 (Tex.Cr.App.), *cert. denied*, 429 U.S. 928, 97 S.Ct. 334, 50 L.Ed.2d 298 (1976), Webster's Third New International Dictionary (3d ed. 1976), defines "stack" as "to pile up." The same dictionary defines "on," when used as an adverb, as "in or into the position of being in contact with the upper surface of something or of being supported from beneath by the upper surface."

When these definitions are applied and the terms considered in their context, we think the cumulation portion of the sentence adequately definite to show the court's intent to cumulate appellant's sentences. It is also sufficient on its face to convey to the Texas Department of Corrections, by the clear and unequivocal order of the 47th District Court of Potter County, Texas, how long to detain appellant.

We find no reversible error. The judgment of the trial court is affirmed.