Crayton v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-341-CR





DWIGHT ERIC CRAYTON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0914120, HONORABLE BOB JONES, JUDGE PRESIDING



 





 Dwight Crayton, appellant, was convicted of the offense of aggravated robbery;
the jury found the enhancement allegations true and assessed punishment at confinement for a term
of seventy-five years. The trial court cumulated the sentence for aggravated robbery with two
sentences for contempt imposed in the course of the trial and with sentences imposed in five other
criminal causes. (1) Appellant brings four points of error, complaining that (1) he received
ineffective assistance from appointed counsel, (2) the evidence is insufficient to sustain the
conviction, (3) the trial court erred in giving additional instructions to the jury after they appeared
to be deadlocked, and (4) the trial court erred in cumulating the sentences. We will affirm the
conviction.



BACKGROUND


 John Fisher, the assistant manager of an Austin convenience store, was a victim
of two aggravated robberies at the store during his "graveyard" shift--one on July 2nd and another
on July 16, 1991. Fisher did not get a good look at the July 2nd thief, but described the man to
police as best he could. Fisher got a better look at the robber on July 16th and again gave police
a description. On August 18th when appellant entered the store, Fisher thought he recognized him
as the robber, noted the license plate number of appellant's car, and reported this information to
the police. On August 19th Sergeant Hampton of the Austin Police Department presented Fisher
with a photo line-up of eleven similar individuals; Fisher identified appellant as the same
individual who had entered his store the day before and who had robbed the store at gunpoint on
July 16th. Fisher also thought appellant was the July 2nd assailant. However, appellant was
indicted, tried, and convicted only for the July 16th robbery.



INEFFECTIVE ASSISTANCE OF COUNSEL


 In his first point of error, appellant complains that he did not receive effective
assistance of counsel as guaranteed under the Sixth Amendment to the United States Constitution. 
The standard by which an appellate court reviews the effectiveness of counsel at the
guilt/innocence stage of a non-capital trial was articulated in Strickland v. Washington, 466 U.S.
668, 687 (1984), and adopted by the Court of Criminal Appeals in Hernandez v. State, 726
S.W.2d 53, 57 (Tex. Crim. App. 1986). The Supreme Court in Strickland outlined a two-step
analysis. First, the reviewing court must decide whether trial counsel's performance failed to
constitute "reasonably effective assistance." Stated differently, the question is whether trial
counsel's representation fell below an objective standard of reasonableness under prevailing
professional norms. Ex parte Menchaca, No. 71,567, slip op. at 5 (Tex. Crim. App. May 12,
1993). If counsel's performance fell below the objective standard, the reviewing court then must
determine whether there is a "reasonable probability" the result of the trial would have been
different but for counsel's deficient performance. Id. Prejudice is demonstrated when the
convicted defendant shows a reasonable probability that, but for counsel's unprofessional errors,
the result of the proceeding would have been different. Strickland, 466 U.S. at 694; Hernandez,
726 S.W.2d at 57. We must evaluate counsel's performance in light of the totality of the
representation, not by isolated acts or omissions. See Strickland, 466 U.S. at 688. In order to
eliminate the distorting effects of hindsight, the conduct must be judged from counsel's
perspective at the time of trial. Id. at 689; Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim.
App. 1986), cert. denied, 480 U.S. 940 (1987). 

 Although appellant cites eight strategic shortcomings of defense counsel, his most
serious complaint is that counsel improperly "opened the door" to Fisher's allegations that
appellant robbed the store on July 2nd, as well as on July 16th, even though appellant was indicted
only for the July 16th robbery. Although defense counsel filed a motion in limine to prevent the
State's discussion of Fisher's belief that appellant was the July 2nd assailant, counsel himself
cross-examined Fisher as to the extraneous robbery. Appellant contends that this questioning falls
outside the bounds of reasonably effective assistance. We disagree. 

 Defense counsel maintained throughout the trial that this was a case of mistaken
identity. Fisher, the only witness to the crime, positively identified appellant as the July 16th
robber. By cross-examining Fisher about his equivocal identification of the robber on July 2nd,
defense counsel intended to introduce some doubt about Fisher's "positive" identification of the
July 16th assailant. Fisher gave a detailed description to the police on July 2nd, even though he
admitted that he had had little opportunity to get a good look at his assailant. Furthermore, Fisher
provided conflicting descriptions of the assailant on July 2nd and on July 16th but maintained that
appellant robbed him both times.

 After the July 2nd incident, Fisher told police he was robbed by "a black male,
five-nine, 150 pounds, 27 to 30 years of age, short curly hair and some facial hair and a small
mustache." Discrepancies existed between this description and that of the "clean-shaven"
individual who entered the store on August 18th, whom Fisher recognized as the robber of July
16th, also described as having no facial hair. In light of these discrepancies, defense counsel
cross-examined Fisher extensively about his testimony that appellant had been the assailant on
both occasions. Counsel's apparent trial strategy in questioning Fisher about who robbed the store
on July 2nd was to discredit the only witness and thereby create a reasonable doubt about the
identity of the July 16th assailant.

 In light of Fisher's testimony that he did not get a good look at the man who robbed
him on July 2nd and the several discrepancies in the physical descriptions given to police on July
2nd and July 16th, questioning Fisher's "positive" identification of appellant as the assailant on
those two occasions was a reasonable means of challenging Fisher's credibility. The jury was
troubled by the testimony regarding the July 2nd robbery and, during their deliberations, asked
to review the transcript of that testimony. (2) The prosecution felt compelled to remind the jury that
appellant was on trial only for the July 16th robbery and that the State had no burden as to the
July 2nd robbery. Mention of the extraneous offense was calculated to create confusion and doubt
regarding Fisher's positive identification of appellant on July 16th. We conclude that such a
strategy, given the facts and circumstances of this case, was within the bounds of acceptable
representation. (3)

 Appellant complains of seven other instances of allegedly unprofessional error: 
failure to object at all during the guilt-or-innocence phase of the trial; failure to object to the
court's charge on punishment; failure to object to the court's failure to respond in writing to a jury
request to review certain testimony; failure to attach a police officer who could testify about the
inability to lift fingerprints at the crime scene; failure to lay the proper predicate to discuss certain
statements in an offense report; failure to inquire into the circumstances surrounding the various
photo lineups at which Fisher identified appellant; and failure to object to a "dynamite" charge (4)
to the jury that mentioned the cost of a mistrial.

 As to appellant's penultimate allegation of unprofessional error, we note that
counsel did file a motion to suppress identification, alleging that the photo lineup was
impermissibly suggestive. This motion was urged at the pretrial hearing and overruled by the trial
court. Appellant does not complain that the trial court erred in its ruling. The record reflects that
defense counsel cross-examined the police officer who compiled and presented the photo lineup
to Fisher regarding any suggestive comments or other improprieties. We cannot sustain the
complaint that counsel was ineffective in failing to bring any questions regarding the propriety of
the photo lineup to the trial court's attention.

 As to appellant's complaint that counsel objected to neither the court's failure to
respond in writing to a jury request that certain evidence be reread to them nor to the court's
additional unwritten instructions to the jury, we note that the court properly refused to allow the
jury to review the testimony and that counsel's failure to object that the instruction was not in
writing does not constitute deficient conduct. See Allaben v. State, 418 S.W.2d 517, 520 (Tex.
Crim. App. 1967) (citing Lamkin v. State, 301 S.W.2d 922, 927 (Tex. Crim. App. 1957)). 
Likewise, although counsel attempted to object to the dynamite charge to the jury, he neither
specified the claimed error in the charge, nor requested or obtained a ruling on his objection; thus
nothing is preserved for review. See Pennington v. State, 697 S.W.2d 387, 390 (Tex. Crim. App.
1985). In light of our discussion below of the charge itself, we cannot say that this isolated failure
to object deprived appellant of a fair trial under the Strickland standard.

 In his remaining complaints about counsel's strategic inadequacies, appellant simply
makes conclusory statements that counsel's conduct of the trial did not amount to effective
assistance. Appellant fails, however, to show a reasonable probability that, but for counsel's
alleged ineffective assistance, the result of the case would have been different. Such a showing
is essential to a successful challenge on ineffective-assistance grounds. See Strickland, 466 U.S.
at 694; Menchaca, No. 71,567, slip op. at 6; Hernandez, 726 S.W.2d at 57. Moreover, we have
reviewed appellant's remaining complaints regarding the ineffectiveness of counsel's
representation in light of the entire record and conclude that counsel's performance did not fall
below the standard of reasonably effective assistance of counsel. We overrule the first point of
error.



ADDITIONAL INSTRUCTIONS TO THE JURY


 In his third point of error, appellant complains that the court erred by giving further
instruction to the jury, after the jury had begun its deliberations on guilt and innocence, because
the additional charge was coercive and because it was not given in writing as required by article
36.27 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 36.27 (West
1981). As noted above, appellant failed to preserve any error regarding this statutory infraction
by not properly objecting and obtaining a ruling on this easily correctable mistake. See Smith v.
State, 513 S.W.2d 823, 829 (Tex. Crim. App. 1974) (defendant must timely object to preserve
error of failure to comply with requirement of article 36.27).

 We will nevertheless review the entire charge to determine if it was so coercive that
it deprived appellant of a fair trial. The comments complained of mention the cost of a new trial.



COURT: This is an important case. The trial has been expensive in time, effort,
and money to both the defense and the prosecution. If you should fail to agree on
a verdict, the case is left open and must be tried again. Obviously another trial
would only serve to increase the cost to both sides, and there is no reason to
believe that the case can be tried again by either side better or more exhaustively
that [sic] it has been tried before you.



Although we strongly disapprove of the mention of the cost of a new trial, we note that the court
went on to admonish the jurors in the majority to reconsider their views on conviction in light of
the dissenting jurors' doubts:



On the other hand, the other jurors ought seriously to ask themselves again and
most thoughtfully whether they do not have a reason to doubt the correctness of a
judgment which is not shared by several of their fellow jurors and whether they
should distrust the weight and sufficiency of evidence which fails to convince
several of their fellow jurors beyond a reasonable doubt.



After advising each juror not to yield a "conscious conviction" as to the weight or sufficiency of
the evidence, the court concluded: "You must also remember that if the evidence in the case fails
to establish guilt beyond a reasonable doubt that the accused should have your unanimous verdict
of `Not Guilty.'" Despite the improper remarks mentioning the expense of a new trial, we
conclude that the additional instructions, considered as a whole, were not coercive in fact and did
not deprive appellant of a fair trial. See Calicult v. State, 503 S.W.2d 574, 576 (Tex. Crim. App.
1974); Arrevalo v. State, 489 S.W.2d 569, 572 (Tex. Crim. App. 1973). We overrule point of
error three.



SUFFICIENCY OF EVIDENCE AND CUMULATIVE SENTENCES


 In his second point of error, appellant complains that the evidence is insufficient
to sustain the conviction. After thoroughly reviewing the record evidence in the light most
favorable to the prosecution, we conclude that a rational trier of fact could have found the only
disputed element of the offense, the identity of appellant, beyond a reasonable doubt. See Avery
v. State, 632 S.W.2d 610, 614 (Tex. Crim. App. 1982). We overrule point of error two.

 In his fourth and final point of error, appellant complains that the trial court erred
in cumulating the sentence imposed for aggravated robbery with the two sentences imposed for
contempt of court during this trial and with the sentences imposed for five other criminal
convictions. Trial judges are given the discretion to cumulate sentences. Tex. Code Crim. Proc.
Ann. art. 42.08 (West Supp. 1993). The sentence must be sufficiently clear that authorities know
how long to detain the prisoner; the judgment in this case unequivocally announces the length of
each sentence and the order in which they are to be served. The judgment contains all of the
details required in an order of cumulation. See Grant v. State, 635 S.W.2d 933, 936 (Tex.
App.--Amarillo 1982, no pet.). We overrule the fourth point of error.



CONCLUSION


 Finding no error below, we affirm the conviction.



 

 Bea Ann Smith, Justice

[Before Justices Powers, Jones and B. A. Smith]

Affirmed

Filed: June 2, 1993

[Do Not Publish]

1. [1]  The trial court cumulated the following sentences imposed in other Travis County
criminal causes: (1) confinement for seven years for the offense of possession of a controlled
substance in cause number 104,515; (2) confinement for five years for the offense of burglary
of a vehicle in cause number 90,454; (3) confinement for five years for the offense of theft of
at least $750 in cause number 92,011; (4) confinement for five years for the offense of
burglary of a vehicle in cause number 90,327; and (5) confinement for five years for the
offense of burglary of a vehicle in cause number 90,631.
2. [2]  Counsel's failure to object to the trial court's unwritten denial of this request is one of
appellant's complaints of ineffective assistance of counsel discussed below.
3. [3]  Because of factual distinctions between the two cases, our holding is not controlled by
that in Menchaca, in which the Court of Criminal Appeals reversed a conviction based on
applicant's complaints of ineffective assistance of counsel. In Menchaca, defense counsel
failed to file a motion in limine to prevent admission of an inadmissible prior felony conviction
and failed to object when the prosecution elicited testimony of that conviction. Counsel
likewise failed to request a limiting instruction and actually referred to the prior conviction
during argument. The facts of Menchaca showed counsel to be grossly unprepared to protect
his client's interests.


 By contrast, defense counsel in this case filed a motion in limine to exclude reference to
appellant's prior convictions or to evidence of guilt of any other offense. Counsel then
strategically opted to discuss the extraneous July 2nd robbery in order to cast doubt on the
credibility of the sole witness. The record before us reflects that counsel's conduct of the
defense in this case is in no way comparable to the inadequate performance by trial counsel in
Menchaca.
4. [4]  Although appellant refers to the charge in question as an Allen charge, we believe that to
be a misnomer. The true Allen charge, delivered when the jury is deadlocked, indicates to a
juror that some deference is owed the opinion of the majority of fellow jurors. See Allen v.
United States, 164 U.S. 492 (1896). In the instant case, by contrast, the trial court simply
urged the jurors to arrive at a verdict.