NO. 07-06-0302-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D
 


JULY 20, 2007



______________________________




DONATO ROLANDO BENAVIDES, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 406TH DISTRICT COURT OF WEBB COUNTY;



NO. 9063277318; HON. OSCAR J. HALE, JR., PRESIDING



_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.



MEMORANDUM OPINION


 Appellant Donato Rolando Benavides filed a notice of appeal following his conviction
for possession of a controlled substance, cocaine, and the accompanying sentence of six
years incarceration. We agree with appointed counsel's conclusion that the record fails
to show any meritorious issue which would support the appeal and affirm the trial court's
judgment.

 Appellant was convicted of the indicted offense after his plea of not guilty and trial
to a jury. The evidence at trial included the testimony of the Laredo police officer who saw
the cocaine while he was searching appellant's residence for a fugitive, with appellant's
consent, and included appellant's written statement acknowledging the substance was his.

 Appointed counsel for appellant has filed a motion to withdraw and a brief in support
pursuant to Anders v. California, 386 U.S. 738, 744-45 (1967). The brief discusses the
factual and procedural history of the case and the evidence presented. In conformity with
counsel's obligation to support the appeal to the best of his ability, Johnson v. State, 885
S.W.2d 641, 645 (Tex.App.-Waco 1994, pet. ref'd), the brief discusses three potential
issues on appeal and explains why they do not show reversible error. Counsel thus
concludes the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App.
1978).

 Counsel has certified that a copy of the Anders brief and motion to withdraw have
been served on appellant, and that counsel has advised appellant of his right to review the
record and file a pro se response. Johnson, 885 S.W.2d at 645. By letter, this court also
notified appellant of his right to submit a response to the Anders brief and motion to
withdraw filed by his counsel. Appellant has filed a response, in which he raises an issue
not directly addressed by his counsel's brief.

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

 Our review of counsel's brief, including his discussion of potential appellate issues,
and the record convinces us that appellate counsel conducted a thorough review of the
record. We also have independently examined the entire record in the case to determine
whether there are any non-frivolous grounds which might support the appeal. See Penson
v. Ohio, 488 U.S. 75 (1988); Stafford v. State, 813 S.W.2d at 511. 

 The issue raised in appellant's response deals with the requirement stated in article
36.01 of the Code of Criminal Procedure that the prosecutor read the indictment to the jury
at the outset of trial of a felony case. Tex. Code Crim. Proc. Ann. art. 36.01 (Vernon 2007).
As appellant correctly notes, the indictment was not read at the beginning of his trial. The
record reflects that, toward the end of testimony by the State's first witness, the trial judge
and the prosecutor realized the indictment had not been read. During discussion among
counsel and the court about the omission, appellant's counsel stated, "We have no
problem doing it right now. If you all want to do it in front to [sic] jury, we'll do it in front of
the jury." Given the choice by the court, the prosecutor chose to read the indictment and
take appellant's plea of not guilty outside the jury's presence. As appellant's response also
notes, the evidence received before the reading of the indictment was not reintroduced
after the indictment was read. See Welch v. State, 645 S.W.2d 284, 285 (Tex.Crim.App.
1983); Grant v. State, 635 S.W.2d 933, 935 (Tex.App.-Amarillo 1982, no pet.) (both
describing proper procedure). 

 Appellant's response does not raise an arguable ground for appeal. Any complaint
over the prosecutor's failure to read the indictment in front of the jury was waived by
appellant's counsel's statement. See Peltier v. State, 626 S.W.2d 30, 31 (Tex.Crim.App.
1981), quoting Essary v. State, 53 Tex.Crim. 596, 111 S.W.927 (1908) (rights now codified
in article 36.01(a)(1) may be waived). No complaint over the State's failure to reintroduce
the evidence taken before reading of the indictment was preserved for appellate review. 
See Limon v. State, 838 S.W.2d 767, 769 (Tex.App.-Corpus Christi 1992, pet. ref'd) (error
not preserved when appellant did not ask that evidence heard before plea be removed
from jury's consideration), citing Welch, 645 S.W.2d at 285.

 Having reviewed the record before us, we agree with counsel that the appeal is
frivolous. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). 

 Accordingly, counsel's motion to withdraw is granted (1) and the judgment of the trial
court is affirmed. 

 

 James T. Campbell

 Justice


Do not publish. 
1. In granting counsel's motion to withdraw, however, we remind counsel to insure that
he has complied with the "educational"duty to inform appellant of his right to file a pro se
petition for discretionary review in the Court of Criminal Appeals. Ex parte Owens, 206
S.W.3d 670 (Tex.Crim.App. 2006).