NO. 07-06-0302-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 20, 2007

_____

DONATO ROLANDO BENAVIDES, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 406TH DISTRICT COURT OF WEBB COUNTY;

NO. 9063277318; HON. OSCAR J. HALE, JR., PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Donato Rolando Benavides filed a notice of appeal following his conviction for possession of a controlled substance, cocaine, and the accompanying sentence of six years incarceration. We agree with appointed counsel's conclusion that the record fails to show any meritorious issue which would support the appeal and affirm the trial court's judgment.

Appellant was convicted of the indicted offense after his plea of not guilty and trial to a jury. The evidence at trial included the testimony of the Laredo police officer who saw the cocaine while he was searching appellant's residence for a fugitive, with appellant's consent, and included appellant's written statement acknowledging the substance was his.

Appointed counsel for appellant has filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 744-45 (1967). The brief discusses the factual and procedural history of the case and the evidence presented. In conformity with counsel's obligation to support the appeal to the best of his ability, *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd), the brief discusses three potential issues on appeal and explains why they do not show reversible error. Counsel thus concludes the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson*, 885 S.W.2d at 645. By letter, this court also notified appellant of his right to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has filed a response, in which he raises an issue not directly addressed by his counsel's brief.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this court

determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

Our review of counsel's brief, including his discussion of potential appellate issues, and the record convinces us that appellate counsel conducted a thorough review of the record. We also have independently examined the entire record in the case to determine whether there are any non-frivolous grounds which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75 (1988); *Stafford v. State*, 813 S.W.2d at 511.

The issue raised in appellant's response deals with the requirement stated in article 36.01 of the Code of Criminal Procedure that the prosecutor read the indictment to the jury at the outset of trial of a felony case. Tex. Code Crim. Proc. Ann. art. 36.01 (Vernon 2007). As appellant correctly notes, the indictment was not read at the beginning of his trial. The record reflects that, toward the end of testimony by the State's first witness, the trial judge and the prosecutor realized the indictment had not been read. During discussion among counsel and the court about the omission, appellant's counsel stated, "We have no problem doing it right now. If you all want to do it in front to [sic] jury, we'll do it in front of the jury." Given the choice by the court, the prosecutor chose to read the indictment and take appellant's plea of not guilty outside the jury's presence. As appellant's response also notes, the evidence received before the reading of the indictment was not reintroduced after the indictment was read. *See Welch v. State*, 645 S.W.2d 284, 285 (Tex.Crim.App. 1983); *Grant v. State*, 635 S.W.2d 933, 935 (Tex.App.–Amarillo 1982, no pet.) (both describing proper procedure).

3

Appellant's response does not raise an arguable ground for appeal. Any complaint over the prosecutor's failure to read the indictment in front of the jury was waived by appellant's counsel's statement. *See Peltier v. State*, 626 S.W.2d 30, 31 (Tex.Crim.App. 1981), quoting *Essary v. State*, 53 Tex.Crim. 596, 111 S.W.927 (1908) (rights now codified in article 36.01(a)(1) may be waived). No complaint over the State's failure to reintroduce the evidence taken before reading of the indictment was preserved for appellate review. *See Limon v. State*, 838 S.W.2d 767, 769 (Tex.App.–Corpus Christi 1992, pet. ref'd) (error not preserved when appellant did not ask that evidence heard before plea be removed from jury's consideration), citing *Welch*, 645 S.W.2d at 285.

Having reviewed the record before us, we agree with counsel that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted[1] and the judgment of the trial court is affirmed.

James T. Campbell
Justice

Do not publish.

---

[1]In granting counsel's motion to withdraw, however, we remind counsel to insure that he has complied with the "educational"duty to inform appellant of his right to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex.Crim.App. 2006).