### E. M. BARBEE v. THE STATE.

*No. 157.   Decided May 17.*

**1.  Practice—Reading Indictment to Jury—Waiver.**—On a trial for murder, after the introduction of a portion of the testimony, the district attorney having discovered that through inadvertence he had failed to read the indictment, asked and was permitted, over objection of defendant, to read said indictment; whereupon defendant refused to plead to said indictment, and the court caused a plea of not guilty to be entered for him.   The district attorney then offered to reintroduce the evidence theretofore adduced, to which defendant objected, on the ground that it was already before the court and jury.   *Held*, that this action on the part of defendant was a waiver of the reintroduction of the testimony.

**2.  Same.**—While, under the terms of article 660, Code of Criminal Procedure, it is mandatory that the indictment be read to the jury before evidence is introduced in the case, nevertheless, where this has not been done, it is proper practice, upon discovery of the omission, to read the indictment and reintroduce the testimony.

Appeal from the District Court of Runnels.   Tried below before Hon. J. O. Woodward.

On an indictment charging him with the murder of one John Wood-ard, by shooting him with a pistol, appellant was found guilty of mur-der in the second degree, with his punishment affixed at five years im-prisonment in the penitentiary.

In view of the disposition made of this case on appeal, it is unnecessary to give a statement of the facts.

*Guion & Tonly*, for appellant, filed a very able and elaborate brief in the case.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, Judge.—When the parties announced ready for trial, the defendant was arraigned, and pleaded not guilty.   The jury was then empanelled, and the evidence introduced.   At this stage of the proceed-ings the district attorney was permitted to read the indictment to the jury, which, through inadvertence, had not been previously done.   De-fendant objected, and refused to plead, whereupon the plea of not guilty was entered by the court.   The district attorney then offered to reintro-duce the evidence, to which defendant objected, upon the ground that it had already been placed before the court and jury.   The court held this to be a waiver of the reintroduction of the testimony, and sustained the objection.   We are of opinion the ruling was correct.   In the absence of such waiver, it was incumbent upon the prosecution to again adduce the evidence on the part of the State, but this became unnecessary when the stated objection was interposed.   All the testimony of defendant and the State had been already placed before the jury, and, but for his sugges-tion, would have again been gone over.   Under the circumstances, its re-introduction would have been more of a formality than otherwise, and was, we think, waived by defendant.   The rearraignment and plea thereto was regular, and in conformity with the statute.   Code Crim. Proc., arts. 509, 516; Willson's Crim. Stats., secs. 2108–2110; 1 Bish. Crim. Proc., sec. 733.

While, under the terms of the Code of Criminal Procedure, article 660, it is mandatory that the indictment be read to the jury before the evi-dence is offered, and while it may be true the conviction would be illegal should this not be done, it would nevertheless be proper, upon discovery of this omission, to read such indictment to the jury, and reintroduce the testimony; and it is an equally correct proposition, that the accused could waive both the reading of the indictment and the reintroduction of the evidence.   We are of opinion that the ruling of the court in the matter

complained of was not erroneous. We are of opinion that the court did not err in the matters complained of in relation to the charges given and refused. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.