## WILL JOHNSON v. THE STATE.

### No. 14319. Delivered October 14, 1931.

The opinion states the case.

*Kirby, King & Overshiner,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for two years.

A search of appellant's residence and automobile resulted in the finding of three gallons of whisky. There was testimony that appellant had sold intoxicating liquor.

Bill of exception No. 7 presents the following occurrence: After the district attorney had developed the state's case he discovered that he had

not read the indictment. Receiving permission of the court, he read the indictment to the jury, and appellant entered his plea of not guilty thereto. After the indictment had been read no other testimony was introduced by either side, except the testimony of one state's witness. The testimony of this witness was subsequently withdrawn from the consideration of the jury. The district attorney at no time offered to reintroduce the testimony. Appellant offered no testimony. In a motion in arrest of judgment appellant called the court's attention to the fact that the district attorney at no time reintroduced the testimony after reading the indictment. In Essary v. State, 53 Texas Crim. Rep., 596, 111 S. W., 927, the authorities touching the necessity for complying with subdivisions 1 and 2 of article 642, C. C. P., requiring that the indictment or information be read to the jury by the attorney prosecuting and the pleas of the accused entered were discussed. In reviewing the authorities holding that these provisions of the statute were mandatory, Judge Ramsey said:

"The indictment is the basis for the prosecution. Among other things, its office is to inform the appellant of the charge laid against him, and one of the purposes of the requirement that it shall be read to the jury at the beginning of the prosecution is to inform them in precise terms of the particular charge laid against the defendant on trial. His plea thereto makes the issue. While it may be thought that this ground of objection is in its nature quite technical, it is, nevertheless, the right of every defendant to have the charge read against him and to have his plea entered therein. Such is the express provision of our statute, and this right has been recognized time out of mind by all the decisions of this court. It is of such a substantial nature that in all the decisions of this court it has been treated and regarded as mandatory. That it can be waived is well established, but such a waiver cannot be inferred; but in a case where the statute has been disregarded the burden rests upon the state to show such conduct and acts upon the part of the defendant as may, in fairness, be treated and regarded as a waiver. In a case involving life and death, it is always unsafe to depart from that order of procedure established by law in this state. This, it clearly appears, was done in this case. No reason is given why it was so done, except as we may infer that the failure to follow the statute was the result of mistake or inadvertence. When discovered, the error was not cured by the reintroduction of the testimony, or any offer so to do; and under the rule obtaining in this state for all these years the failure to observe this mandatory provision regulating the conduct of trials must be held, as we do now hold it to be, in itself violative of his rights and hurtful to his interest."

See also Theriot v. State, 89 Texas Crim. Rep., 428, 231 S. W., 777.

Until the indictment was read and appellant's plea entered no issue was joined between the state and appellant. Wengenroth v. State, 107

Texas Crim. Rep., 78, 294 S. W., 554, and authorities cited. As said by Judge Henderson in Hearne v. State, 58 S. W., 1009, "There was no case before the jury until the indictment was read and a plea of not guilty entered." When the indictment was read and appellant pleaded thereto the evidence should have been reintroduced. As the matter appears in the record, the failure to reintroduce the evidence after the indictment had been read was made an issue in the trial court.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.