. **Donald Ray WELCH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 65273.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 18, 1983.

Rehearing Denied Feb. 23, 1983.

Stan Brown, Abilene, for appellant.

Patricia A. Elliott, Dist. Atty., Randy Dale, Asst. Dist. Atty., Abilene, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated rape. Punishment, enhanced pursuant to V.T.C.A., Penal Code Sec. 12.-42(d), is life.

In his seventh ground of error appellant asserts: "The trial court erred in failing to exclude testimony taken prior to Appellant's plea at the punishment phase." The record reflects that after the jury found appellant guilty, the State called its first witness at the punishment phase before appellant's plea to the enhancement allegations. After the State's second witness was called the omission was noticed, the enhancement allegations were read, and appellant entered a plea of not true. Defense counsel then objected:

"... in connection with the prosecutor's just having read additional portions of the indictment, we would ask that the testimony of Al Woody, presented to this Jury prior to such reading, be stricken, and removed from the Jury's consideration."

This request was overruled by the court. The witness Woody was not called back to the stand nor was it stipulated that the testimony would be the same and could be considered by the jury, as was done in *Trammell v. State*, 445 S.W.2d 190 (Tex.Cr.App.1969), and *Peoples v. State*, 459 S.W.2d 868 (Tex.Cr.App.1970), relied on by the State. Unlike *Castillo v. State*, 530 S.W.2d 952 (Tex.Cr.App.1976), also relied on by the State, appellant did not merely ask for a mistrial: he specifically asked that the evidence heard before the plea be removed from the jury's consideration. In *Castillo* the Court described the proper procedure:

"In *Johnson v. State*, [118 Tex.Cr.R. 291, 42 S.W.2d 782 (1931)] supra, this Court said:

"'Until the indictment was read and appellant's plea entered, no issue was joined between the state and the appellant.... When the indictment was read and appellant pleaded thereto, the evidence should have been reintroduced.'

"It was incumbent on the State to reintroduce the testimony of Stallings unless the defendant stipulated to the evidence. In the case before us there was no such stipulation by the appellant. Where the defendant objects to the re-introduction of the evidence as being repetitious and is sustained he will be held to have waived his contention that the evidence was not properly before the jury. *Barbee v. State*, 32 Tex.Cr.R. 170, 22 S.W. 402 (1893). The record before us indicates that the State wanted to go through the testimony of Stallings again and so informed the court. The trial court, however, felt that it would 'not be consistent practice or common sense to offer the same exact testimony.'

"The correct procedure to be followed is set out in *Trammell v. State*, 445 S.W.2d 190 (Tex.Cr.App.1969). In *Trammell v. State*, supra, at the penalty stage of the trial the State introduced evidence of the accused's prior convictions without first reading the enhancing portions of the indictment to the jury. When the error was discovered the State was allowed to reopen and read the indictment to the jury. The accused objected that the State had waived the enhancement portions of the indictment. At this point the State proposed to re-introduce the testimony previously offered. The accused with his counsel agreed and stipulated before the jury, in lieu of re-producing the testimony, that the evidence previously offered would be the same and could be considered by the jury. The accused and his counsel having stipulated to the evidence before the jury, this Court held the evidence was properly before the jury. See also *Peoples v. State*, 459 S.W.2d 868 (Tex.Cr.App.1970)."

The testimony of Woody, having been presented before appellant's plea [1] and not having been stipulated or reintroduced, was not properly before the jury, and appellant's objection was sufficient to point out this defect to the trial court. Woody was the only witness connecting State's exhibit 16 to appellant, and the fingerprints in that exhibit were essential to the State's proof that appellant was the same person previously convicted in one of the prior convictions alleged for enhancement of punishment. It is therefore clear that the jury's consideration of this evidence was harmful to appellant. Reversible error was committed.[2]

---

1. In *Bush v. State*, 642 S.W.2d 787 (1982), relied on by the dissent, evidence presented at the *guilt* stage was relied on. In this case the guilt stage was over when Woody testified, and the verdict of guilty had been returned. The State cannot reopen and present more guilt stage evidence after the verdict is returned, but that is what the dissent's analogy relying on *Bush* would require.

2. In another ground of error appellant challenges the sufficiency of the evidence to prove the aggravation element of threatening serious bodily injury or death. The victim testified to

The error that occurred was the trial court's erroneous ruling on appellant's request to strike Woody's testimony. Had the court made a correct ruling it would have been proper for the State to reintroduce that testimony by bringing Woody back to the stand. The evidence actually considered by the jury, which included Woody's testimony, was sufficient to prove the enhancement allegations. We therefore have found trial error, not insufficient evidence, and the State is not prohibited from pursuing enhanced punishment again in the event of retrial. Cf. *Cooper v. State*, 631 S.W.2d 508 (Tex.Cr.App.1982).

The judgment is reversed and the cause remanded.

McCORMICK, Judge, dissenting.

I must register my dissent to the majority opinion in this case. This Court in the recent case of *Bush v. State*, 642 S.W.2d 787 (1982) (motion for leave to file rehearing denied January 5, 1983), considered an analogous situation. On appeal, Bush contended that the evidence was insufficient to support the court's findings that the second prior conviction alleged for purposes of enhancement was committed after the first prior conviction became final. Bush pled not true to the enhancement allegations of the indictment. The trial judge, over the defendant's objection, found the enhancement allegations true based upon evidence presented during the guilt phase. Presiding Judge Onion, in writing for this Court, held that in viewing Bush's testimony during the guilt-innocence phase as a whole the evidence was sufficient to sustain the allegations as to the prior convictions.

The same situation is presented in the case at bar. Evidence taken before appellant's plea to the enhancement allegations may be properly considered by the trier of fact on the issue of punishment. No reversible error was committed here and no harm

several threats to kill her made by appellant at various times during the criminal assault. The

has been shown. Until the majority realizes this, I must dissent.

W.C. DAVIS, MILLER and CAMPBELL, JJ., join in this dissent.