NO. 07-03-0134-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 12, 2003

______________________________

SAMUEL COOK,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 46,594-D; HON. DON EMERSON, PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before QUINN and REAVIS, JJ., and BOYD, S.J.
(footnote: 1)
 Samuel Cook (appellant) appeals his conviction for burglary of a habitation/enhanced.  Pursuant to a plea agreement, appellant pled guilty and punishment was assessed at 20 years in prison.  Appellant filed a timely 
pro se
 notice of appeal and counsel was appointed.  Appointed counsel then filed an amended notice of appeal pursuant to Rule 25.2 of the Texas Rules of Appellate Procedure claiming a jurisdictional defect.  However, counsel filed an 
Anders
(footnote: 2) brief along with a motion to withdraw because no reversible error existed in this cause.  The motion and brief indicate that appellant was informed of his rights to review the appellate record and file his own brief.  So too did we inform appellant that any 
pro se
 response or brief he cared to file had to be filed by August 6, 2003.  To date, appellant has filed no 
pro se
 response or brief. 

Jurisdiction

Having pled guilty in accordance with a plea agreement and because the trial court’s decision conformed to the agreement, appellant’s notice of appeal had to conform to the dictates of Rule 25.2 of the Texas Rules of Appellate Procedure, as that rule existed prior to January 1, 2003.  Under that rule, appellant was required to state in his notice either that 1) his appeal involved a jurisdictional defect, 2) the substance of his appeal was raised by written motion and ruled on before trial, or 3) the trial court granted him permission to appeal. 
 Furthermore, the recitations must be truthful.
  Woods v. State, 
No. 2365-01, slip op. at 3, 2003 
Lexis
 113 at *7-8 (Tex. Crim. App. June 18, 2003).
  For instance, if he avers in his notice of appeal that the issues involve jurisdictional defects, then the issues mentioned in his brief must concern such defects.  
Id.
 Via a timely amended notice of appeal filed with this court, appellant simply alleged that “his appeal is for a jurisdictional defect.”  However, complaint was not raised in his brief addressing any jurisdictional defect.  
Id. 
at 4.
  Instead, appellant contends that no reversible error was disclosed by the record in appellant’s case, not even the type that affects the very power of the State to “bring the defendant in court to answer the charge against him.”  
See Okigbo v. State
, 960 S.W.2d 923, 925 n.1 (Tex. App.–Houston [1
st
 Dist.] 1998, pet. ref’d) (stating that “[j]urisdictional defects are defects that go to the very power of the State to bring the defendant in court to answer the charge against him”).
  Accordingly, appellant failed to satisfy the requirements of Rule of Appellate Procedure 25.2, and we dismiss the appeal for lack of jurisdiction.  
Jones v. State
, 42 S.W.3d 143, 147 (Tex. App.–Amarillo 2000, no pet.).   

      

Brian Quinn

   Justice

Do not publish.
ndictment was not read at the beginning of his trial.  The record reflects that, toward the end of testimony by the State’s first witness, the trial judge and the prosecutor realized the indictment had not been read.  During discussion among counsel and the court about the omission, appellant’s counsel stated, “We have no problem doing it right now. If you all want to do it in front to [sic] jury, we’ll do it in front of the jury.”  Given the choice by the court, the prosecutor chose to read the indictment and take appellant’s plea of not guilty outside the jury’s presence.  As appellant’s response also notes, the evidence received before the reading of the indictment was not reintroduced after the indictment was read.  
See Welch v. State
, 645 S.W.2d 284, 285 (Tex.Crim.App. 1983); 
Grant v. State
, 635 S.W.2d 933, 935 (Tex.App.–Amarillo 1982, no pet.) (both describing proper procedure).   

Appellant’s response does not raise an arguable ground for appeal.  Any complaint over the prosecutor’s failure to read the indictment in front of the jury was waived by appellant’s counsel’s statement.  
See Peltier v. State
, 626 S.W.2d 30, 31 (Tex.Crim.App. 1981), quoting 
Essary v. State
, 53 Tex.Crim. 596, 111 S.W.927 (1908) (rights now codified in article 36.01(a)(1) may be waived).  No complaint over the State’s failure to reintroduce the evidence taken before reading of the indictment was preserved for appellate review.  
See Limon v. State
, 838 S.W.2d 767, 769 (Tex.App.–Corpus Christi 1992, pet. ref’d) (error not preserved when appellant did not ask that evidence heard before plea be removed from jury’s consideration), citing 
Welch
, 645 S.W.2d at 285.

Having reviewed the record before us, we agree with counsel that the appeal is frivolous.  
See Bledsoe v. State
, 178 S.W.3d 824 (Tex.Crim.App. 2005). 

Accordingly, counsel’s motion to withdraw is granted
(footnote: 1) and the judgment of the trial court is affirmed. 

James T. Campbell

         Justice

Do not publish.  

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov’t Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 

2:
Anders v. California
, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). 

1: