IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-2016-04





MARVIN LUTHER MARSHALL, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


LAMAR COUNTY





 Johnson, J., delivered the unanimous opinion of the Court.



O P I N I O N



 A jury convicted appellant of burglary of a habitation and sentenced him to forty-five years' 
imprisonment and a $10,000 fine. The court of appeals affirmed the conviction, but vacated the
sentence and remanded to the trial court for a new trial on punishment. Marshall v. State, No. 06-03-00215-CR (Tex. App. - Texarkana, delivered December 1, 2004)(unpublished). We granted the State
Prosecuting Attorney's petition for discretionary review and refused appellant's petition.

 The indictment alleged burglary of a habitation with intent to commit theft but, significantly,
contained no enhancement paragraphs. On April 17, 2003, the state filed a "Notice of Intent to Seek
Enhanced Sentence as a Repeat Offender Pursuant to Texas Penal Code Sec. 12.42 (b)." Section
12.42(b) describes enhancement of the penalty range for a second-degree felony to a first-degree
penalty range if it is proved at trial that the defendant has one prior final felony conviction. The
enhancement notice described two prior convictions from Oklahoma and listed dates of final
adjudication of the convictions that were more than four years apart. The notice expressed the state's
intention to ask that appellant be sentenced as a repeat offender in accordance with § 12.42(b), which
would increase the penalty range from "a minimum of 2 years to 20 years imprisonment ... and a fine
not to exceed $10,000.00" to "a minimum of 5 years and a maximum of 99 years/life" in prison.

 On April 22, 2003, the state filed its "Notice of Intent to Introduce Evidence of Extraneous
Offenses." This notice described five additional Oklahoma convictions, but did not include the dates
of conviction. It also expressed the state's intention to introduce at trial evidence of those Oklahoma
offenses and cited Tex. Code Crim. Proc., Article 37.07(3)(a) and (g), and Texas Rules of Criminal
Evidence 404(b) and Rule 609(f).

 The record reflects that none of the Oklahoma convictions were read to the jury until the
punishment phase. After the sole punishment witness, the state's fingerprint expert, had testified and
both parties had closed, the trial court said to defense counsel, "I'm going to enter a plea of not true
as to each prior on behalf of your client. Is that correct?" Defense counsel responded, "That's
correct, judge." The trial court then read the punishment charge to the jury.

 The punishment jury charge that the trial court read to the jury instructed the jury that it was
alleged that appellant "was two times duly and legally convicted of a felony, namely" the two
Oklahoma convictions set out in the enhancement notice. Those two Oklahoma convictions were
identified by district court, cause number, and date and offense of conviction. However, the names
in the style of the cases included in the jury charge, "State of Oklahoma v. Marshall Michael Brown"
and "State of Oklahoma v. Melvin B. Marshall," differed from Marvin Luther Marshall, appellant's
name as listed in the enhancement notice.

 The punishment charge instructed the jury that the punishment range for burglary of a
habitation, enhanced by two prior felony convictions, "is confinement . . . for a period of not less
than 25 years nor more than 99 years or life" and that, in addition, the jury may assess a fine not to
exceed $10,000. Such an enhancement of penalty range for habitual criminals with two prior felony
convictions was authorized under Texas Penal Code Sec. 12.42 (d), but was at odds with the
state's notice of its intent to seek an enhanced penalty range for repeat offenders with one prior
felony conviction pursuant to Texas Penal Code Sec. 12.42 (b). The charge also instructed the jury
that, if it found beyond a reasonable doubt that appellant previously had been two times duly and
legally convicted of felonies, it would find the allegations "true" and assess the punishment at
"imprisonment ... for any term of not more than 99 years, or life, or less than 25 years" and a fine not
to exceed $10,000. The jury returned a verdict finding the two Oklahoma prior convictions "true"
and assessed punishment at imprisonment for a term of 45 years and a $10,000 fine.

 On direct appeal, appellant raised several claims, including complaints about due process,
ineffective assistance of counsel, failure to read the enhancement allegations and take appellant's
plea as to those allegations at the beginning of the punishment phase, and jury-charge error. After
addressing these claims, the court of appeals vacated appellant's sentence and remanded for a new
punishment trial because it found that the evidence of the prior convictions was procedurally
insufficient to support the enhancement of the sentence. Relying on Welch v. State, 645 S.W.2d 284
(Tex. Crim. App. 1983), the court of appeals ruled that, because the only evidence in support of the
prior convictions was introduced before both the reading of the enhancements to the jury and the
taking of appellant's pleas as to those convictions, "no issue was joined." The state was required
to either re-offer the evidence or obtain a stipulation from appellant. Marshall, supra, slip op. at 4. 
 The court of appeals also found that the punishment jury charge was defective, that the failure
to read the enhancement paragraph or take appellant's plea at the beginning of the punishment phase
was error, and that appellant's trial counsel made errors during the punishment phase of trial. 
However, because it had already reversed on other grounds, the court of appeals did "not assess harm
as to those items." Id. at 3. We granted the State Prosecuting Attorney's grounds for review. (1)

 In its first ground for review, the state asserts that the court of appeals failed to address the
issue of preservation of error. We observe that the court of appeals did indeed discuss Tex. R. App.
P. 33.1(a)'s requirement of a specific trial objection being necessary to preserve error for appellate
review. Marshall, supra, slip op. at 9-10. The court of appeals specifically overruled appellant's
due-process points of error because appellant failed to object to the variance between the notice and
jury charge and did not object to the jury charge with regard to the variance in penalty range. Id. at
10. Thus, the state's ground number one, that the court of appeals "erred in failing to address the
issue of preservation of error," is overruled.

 In its second ground for review, the state asserts that, in its sufficiency review, the court of
appeals failed to consider all the evidence that supported enhancement. The court of appeals very
specifically based its ruling on what it termed "procedural sufficiency," finding that, because the
supporting evidence was introduced before the reading of the prior conviction allegations and the
taking of appellant's plea, "no issue was joined." Id. at 4 (citing Welch at 285). (2) When evaluating
a claim of legal or factual sufficiency, the reviewing court must consider all admitted evidence, but
this defect arose from a trial error, rather than a true lack of evidence. Because sufficiency of the
evidence was not the issue, consideration of all admitted evidence would not have changed the result. 
The state's second ground for review is overruled.

 In its third ground for review, the state asserts that the court of appeals failed "to address the
issue of whether any error was harmless." It argues that "[t]he failure to read the enhancement
allegations and take [appellant]'s plea at the beginning of the punishment phase was error, . . . but
the error was not preserved for appellate review, it did not result in insufficient evidence, and it was
harmless." (3)

 Appellant argues that the enhancement allegations were never read to the jury during the
evidentiary portion of the punishment phase, but rather, after the close of evidence, the trial court
stated that it was entering a plea of not true. He asserts that "the entire omission of the reading of
an indictment and obtaining a plea thereto is 'structural error' not subject to a harm analysis." 
Appellant also cites Turner v. State, 897 S.W.2d 786, 788-89 (Tex. Crim. App. 1995), in which we
reaffirmed the principle of prior holdings that the reading of enhancement paragraphs at the penalty
stage and entering a plea are mandatory and held that the error in not doing so is reversible because
a harm analysis is inapplicable to such error. Id. at 789. Appellant argues that Turner is still good
law and dispositive.

 Just as a defense counsel has a strategy, so has a prosecutor. Among the available strategies
for the state is an election not to pursue enhancements. If the enhancements are in the indictment
and the state does not abandon them, the defendant is on notice that the state is still seeking a greater
penalty range. Here, however, the notice of intent to seek a greater penalty was in a separate
document of a kind not usually read to a jury. In such circumstances, the failure to read enhancement
allegations does not put a defendant on notice that the proceedings may have gone amiss and thus
no objection is required. Likewise, a failure to take a plea from a defendant at that time raises no
alarms as there are no allegations to which to plead.

 During the punishment phase of trial, the state introduced evidence of a number of prior
convictions, but again, no alarms would be raised because the state had given notice of its intent to
introduce extraneous offenses, a term that may include offenses that might otherwise be used for
enhancement of penalties. Again, appellant was not required to object, as he still had no notice that
the proceedings may have gone amiss. However, when the jury charge was read and it became
abundantly clear that the state was asking for enhancement far beyond that specified in its notice to
appellant, appellant was bound to object. We observe that appellant had a "reasonable time to
examine" the charge of the court before the charge was read to the jury. Tex. Code Crim. Proc.,
Article 36.14. He was then aware that the trial court proposed to submit an issue of fact that, in his
view, had not been pleaded properly, i.e. the enhancement allegations that had not been included
within the indictment or timely read to the jury. At that point, appellant should have objected, but
he did not.

 Because appellant failed to object to the alleged error in the jury charge, he must show
egregious harm before relief may be granted. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App 1984). We sustain the state's third ground for review and remand the cause to the court of
appeals so that the court may perform a harm analysis pursuant to Almanza.


 Johnson, J.



Delivered: February 15, 2006

Publish
1. 1. In a case where the enhancement allegations were not read to the jury or the defendant's plea obtained
until after the State's evidence supporting the allegations was introduced, the Court of Appeals erred in failing to
address the issue of preservation of error.


2. In the same case, the Court of Appeals erred in failing to consider all the evidence actually admitted at trial in its
review of the sufficiency of the evidence supporting the enhancement of the defendant's sentence.


3. In the same case, the Court of Appeals erred in failing to address the issue of whether any error was harmless.
2. In Welch, this court "found trial error, not insufficient evidence." 645 S.W.2d at 286.
3. The state points out that at no time during trial did appellant complain about the failure to read the
enhancement allegations to the jury and obtain his plea or the jury's consideration of the state's evidence, which was
introduced before the enhancement allegations were read and his plea obtained. The state also notes that appellant
did not object to the failure to read the enhancement allegations when his plea was tardily obtained or to the jury
charge instructing the jury that he was alleged to have twice before been convicted of a felony and that he had plead
"not true." The state asserts that, had appellant objected, "the error could easily have been cured, either by reading
the enhancement allegations and taking his plea before the State's evidence was introduced or by allowing the State
to reoffer its evidence after the allegations were read and the plea taken."