NO. 07-07-0236-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JULY 6, 2007


______________________________



KEITH WAYNE PARR,



 Appellant


v.



THE STATE OF TEXAS,



 Appellee

_________________________________



FROM THE 251st DISTRICT COURT OF RANDALL COUNTY;



NO. 17513-C; HON. ANA ESTEVEZ, PRESIDING


_______________________________



ORDER OF DISMISSAL


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellant, Keith Wayne Parr, appeals his conviction for possession of a controlled
substance in a drug-free zone. The certification of right to appeal executed by the trial
court states that "this criminal case is a plea-bargain case and the Defendant has NO right
of appeal" and "the defendant has waived the right of appeal." This circumstance was
brought to the attention of appellant, and opportunity was granted him to obtain an
amended certification entitling him to appeal. No such certification was received within the
time we allotted. Having received no certification authorizing an appeal, we dismiss the
appeal per Texas Rule of Appellate Procedure 25.2(d).

 The appeal is dismissed.


 Per Curiam


Do not publish.

















 



, 86 (Tex.App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

 Our review of counsel's brief, including his discussion of potential appellate issues,
and the record convinces us that appellate counsel conducted a thorough review of the
record. We also have independently examined the entire record in the case to determine
whether there are any non-frivolous grounds which might support the appeal. See Penson
v. Ohio, 488 U.S. 75 (1988); Stafford v. State, 813 S.W.2d at 511. 

 The issue raised in appellant's response deals with the requirement stated in article
36.01 of the Code of Criminal Procedure that the prosecutor read the indictment to the jury
at the outset of trial of a felony case. Tex. Code Crim. Proc. Ann. art. 36.01 (Vernon 2007).
As appellant correctly notes, the indictment was not read at the beginning of his trial. The
record reflects that, toward the end of testimony by the State's first witness, the trial judge
and the prosecutor realized the indictment had not been read. During discussion among
counsel and the court about the omission, appellant's counsel stated, "We have no
problem doing it right now. If you all want to do it in front to [sic] jury, we'll do it in front of
the jury." Given the choice by the court, the prosecutor chose to read the indictment and
take appellant's plea of not guilty outside the jury's presence. As appellant's response also
notes, the evidence received before the reading of the indictment was not reintroduced
after the indictment was read. See Welch v. State, 645 S.W.2d 284, 285 (Tex.Crim.App.
1983); Grant v. State, 635 S.W.2d 933, 935 (Tex.App.-Amarillo 1982, no pet.) (both
describing proper procedure). 

 Appellant's response does not raise an arguable ground for appeal. Any complaint
over the prosecutor's failure to read the indictment in front of the jury was waived by
appellant's counsel's statement. See Peltier v. State, 626 S.W.2d 30, 31 (Tex.Crim.App.
1981), quoting Essary v. State, 53 Tex.Crim. 596, 111 S.W.927 (1908) (rights now codified
in article 36.01(a)(1) may be waived). No complaint over the State's failure to reintroduce
the evidence taken before reading of the indictment was preserved for appellate review. 
See Limon v. State, 838 S.W.2d 767, 769 (Tex.App.-Corpus Christi 1992, pet. ref'd) (error
not preserved when appellant did not ask that evidence heard before plea be removed
from jury's consideration), citing Welch, 645 S.W.2d at 285.

 Having reviewed the record before us, we agree with counsel that the appeal is
frivolous. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). 

 Accordingly, counsel's motion to withdraw is granted (1) and the judgment of the trial
court is affirmed. 

 

 James T. Campbell

 Justice


Do not publish. 
1. In granting counsel's motion to withdraw, however, we remind counsel to insure that
he has complied with the "educational"duty to inform appellant of his right to file a pro se
petition for discretionary review in the Court of Criminal Appeals. Ex parte Owens, 206
S.W.3d 670 (Tex.Crim.App. 2006).