COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-130-CR

 

 

PATRICK BRAUN                                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 158TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                       I. 
Introduction








A jury convicted Appellant Patrick Braun of the
felony offense of driving while intoxicated, enhanced by two previous felony
convictions, and sentenced him to forty years=
confinement.  In five issues, Braun
argues that the State provided him with insufficient notice of its intent to
enhance his punishment, that the punishment evidence is insufficient to support
the State=s enhancement allegations, and
that the trial court erred by denying his motions for mistrial.  We affirm in part and reverse and remand in
part for a new punishment trial.

                 II. 
Confession of Error and Agreed Remand








The State filed a AState=s
Confession of Error, Agreed Motion Requesting Remand For A New Punishment
Hearing, and Agreed Waiver of Oral Argument.@  Therein, the State acknowledged that Braun Ais
entitled to a new punishment hearing@ because
the State presented all of its punishment evidence before arraignment, but
Braun never stipulated to the evidence, and the State never reintroduced the
evidence after arraignment.  The State
also acknowledged that this court has jurisdiction over the appeal if Braun was
sentenced in open court on the date memorialized in the judgment.  In an order dated December 9, 2008, we
granted in part the portion of the State=s motion
requesting waiver of oral argument.  We
also stated that we would consider the remainder of the motion upon
submission.  Although the parties agreed
to remand the case for a new punishment hearing, the rules of appellate
procedure do not allow us to dispose of criminal cases by agreement other than
by dismissing the appeal.  See Depew
v. State, 843 S.W.2d 87, 88B89 (Tex.
App.CDallas
1992, no pet.).  Compare Tex. R.
App. P. 42.1(a)(2) (providing that in civil cases, this court may, in
accordance with agreement of the parties, Aset
aside the trial court=s judgment without regard to the
merits and remand the case to the trial court for rendition of judgment in
accordance with the agreements@), with
Tex. R. App. P. 42.2 (allowing appellate court to dismiss appeal in
criminal cases upon appellant=s filing
a withdrawal of notice of appeal in accordance with the rule).  Accordingly, we deny the remainder of the
State=s motion.

                                       III. 
Background








The March 2007 original indictment alleged that
Braun had committed DWI and that he had two previous convictions for DWI.  The indictment further alleged in a single
enhancement paragraph that Braun had been convicted of the felony offense of
burglary of a building in Wise County, cause number 9138.  On August 31, 2007, the State filed its
notice of intent to enhance the punishment range applicable to Braun=s
prosecution, indicating that Braun had previously been convicted of two
additional felony offensesCburglary
of a building (cause number 0276862D in Tarrant County) and unlawful delivery
of a controlled drug (cause number CF-95-23 in Mayes County, Oklahoma).  Thereafter, on November 28, 2007, the State
filed a motion to amend the original indictment, which the trial court granted
on December 28, 2007.  The amended indictment
contained the same single enhancement paragraph as found in the original
indictment (that Braun had been convicted of the felony offense of burglary of
a building in Wise County, cause number 9138), but it did not contain the two
additional felony convictions set forth in the State=s August
31, 2007 notice of intent to enhance Braun=s
punishment range.

After the jury found Braun guilty of felony DWI,
the State proceeded to put on its punishment evidenceCwhich included
evidence supporting the two enhancement allegations set forth in the State=s August
31, 2007 notice of intent to enhance punishmentCbefore
the enhancement allegations were read and before Braun had entered his plea
thereon.[2]  After both the State and Braun had rested and
closed, the trial court permitted the State to reopen for the purpose of
reading the enhancement allegations and taking Braun=s
pleas.  The enhancement allegations were
read, and Braun entered a plea of not true to the allegations.  But the State did not reintroduce the
evidence that it had put on prior to the reading of the allegations, nor did
Braun stipulate to the previously introduced evidence.  Both sides then made closing arguments after
the charge was read to the jury.  In
assessing Braun=s punishment at forty years=
confinement, the jury found both enhancement allegations (unlawful delivery of
a controlled drug, cause number CF-95-23, and burglary of a building, cause
number 0276862D) to be true.








        IV. 
Punishment Evidence and Enhancement Procedures

In his second and third issues, Braun argues that
the evidence introduced by the State at punishment is legally insufficient to
support the enhancement allegations because the State failed to read the
allegations upon which it intended to rely for enhancement purposes and because
the trial court failed to secure Braun=s plea
to the allegations before the State presented its punishment evidence.  Citing the double jeopardy clauses contained
within the federal and state constitutions, Braun additionally contends that
this court must enter a finding of Anot true@ to the
State=s
enhancement allegations and that relitigation of the enhancement allegations is
prohibited.








It has long been the rule that the reading of the
enhancement allegations and the entry of the defendant=s plea
thereon are mandatory and that no issue is joined between the State and the
defendant with respect to the defendant=s prior
criminal record if this is not done.  Turner
v. State, 897 S.W.2d 786, 788 (Tex. Crim. App. 1995); Welch v. State,
645 S.W.2d 284, 285 (Tex. Crim. App. 1983); Mendez v. State, 212 S.W.3d
382, 388 (Tex. App.CAustin 2006, pet. ref=d); see
also Tex. Code Crim. Proc. Ann. art. 36.01(a)(1) (Vernon 2007) (requiring
that the indictment or information be read to the jury but that the
nonjurisdictional enhancement allegations are not read until the punishment
phase).  After the enhancements are read
and the defendant=s plea is entered, the State is
required to introduce evidence in support of the enhancements.  Hernandez v. State, 190 S.W.3d 856,
867 (Tex. App.CCorpus Christi 2006, no
pet.).  If the enhancement allegations
are not read and the defendant=s plea
is not made prior to the introduction of evidence in support of the
enhancements, the error can be cured by reading the enhancement paragraphs,
having the defendant plead to it, and reintroducing the evidence.  Turner, 897 S.W.2d at 789 n.5; Welch,
645 S.W.2d at 285; Mendez, 212 S.W.3d at 388; Meadows v. State,
No. 08-05-00394-CR, 2007 WL 1651324, at *6 (Tex. App.CEl Paso
June 7, 2007, no pet.) (not designated for publication).  It is error to permit the jury to consider
enhancement evidence admitted before the entry of the defendant=s
plea.  Welch, 645 S.W.2d at 285; Mendez,
212 S.W.3d at 388.








Here, the State=s
enhancement allegations were not read and Braun=s plea
to the enhancement allegations were not made prior to the introduction of the
State=s
evidence in support of the enhancements. 
Although the State belatedly read the enhancement allegations and Braun
entered his pleas, the State failed to reoffer its evidence, and Braun did not
stipulate to the State=s evidence.[3]  This code of criminal procedure article 36.01
violation renders insufficient the evidence supporting the jury=s ATrue@
findings to the enhancement allegations that Braun had a prior felony
conviction for unlawful delivery of a controlled drug (cause number CF-95-23)
and that prior to his commission of that offense, Braun had been convicted of
the felony offense of burglary of a building (cause number 0276862D).

Caselaw addressing this issue indicates that this
particular type of error is subject to a nonconstitutional error harm
analysis.  See Mendez, 212 S.W.3d
at 388; Hernandez, 190 S.W.3d at 868B69; see
also Wilson v. State, No. 05-02-01233-CR, 2003 WL 22853408, at *4B5 (Tex.
App.CDallas
Dec. 3, 2003, pet. ref=d) (not designated for
publication) (holding evidence insufficient to support enhancement allegation
and stating that the Aerror implicates appellant=s
statutory right to . . . have the jury consider the correct punishment range
but does not implicate appellant=s
constitutional rights@).  Thus, we disregard the error unless it
affected Braun=s substantial rights.  Tex. R. App. P. 44.2(b); King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997).








Because the only evidence that Braun had been
previously convicted of the two enhancement allegations was introduced before
he entered his plea to the enhancement allegations, the evidence was not
properly before the jury.  The article
36.01 violation thus enabled the jury to consider a greater range of punishment
than what was legally permissible.[4]  The jury=s
punishment assessment of forty years=
confinement falls within the range of punishment that the jury was
impermissibly able to consider and beyond the range of punishment applicable to
a third-degree felony.  Compare Tex.
Penal Code Ann. ' 12.34(a), with Tex.
Penal Code Ann. ' 12.42(d).  It is thus clear that the jury=s
consideration of the evidence for the purpose of enhancement harmed Braun.  See Welch, 645 S.W.2d at 285; Mendez,
212 S.W.3d at 388.  We hold that the
error affected Braun=s substantial rights.  See Tex. R. App. P. 44.2(b).








This particular type of error does not have
double jeopardy implications.  See
Bell v. State, 994 S.W.2d 173, 175 (Tex. Crim. App. 1999) (adopting United
States Supreme Court=s holding that it would not
violate federal double jeopardy principles to allow the State a second chance to
present its proof of a previous conviction); Ex parte Drake, 212 S.W.3d
822, 825 (Tex. App.CAustin 2006, pet. ref=d)
(stating that with respect to multiple punishments, the Texas constitution=s
guarantee against double jeopardy does not afford any greater protection than
the Fifth Amendment); Mendez, 212 S.W.3d at 389; Wilson v. State,
No. 05-05-01502-CR, 2007 WL 155111, at *1 (Tex. App.CDallas
Jan. 23, 2007, pet. ref=d) (not designated for
publication).  We sustain Braun=s second
and third issues to the extent that he complains about the sufficiency of the
evidence to support the enhancement allegations in light of the code of
criminal procedure article 36.01 violation.

                                            V.  Notice








In his first issue, Braun argues that his
punishment could not have been enhanced by the two felony conviction
allegations contained in the State=s August
31, 2007 notice of intent to enhance because the two felony conviction
allegations in the notice were not included in the amended indictment.  He reasons that the amended indictment, Awhich
included the allegation of only one prior felony conviction for enhancement
purposes, operated to supersede, and thereby foreclose submission to the jury
of, the enhancement allegations contained in the State=s prior >notice= pleading.@  Braun thus specifically contends that he was
not on notice that the State intended to rely on the two prior felony
convictions for enhancement purposes.[5]

A defendant is entitled to notice of the State=s
intention to use prior convictions for enhancement.  Brooks v. State, 957 S.W.2d 30, 33
(Tex. Crim. App. 1997).  While it is the
preferable method for providing notice, the State is not required to allege
enhancements solely in the indictment; rather, they must simply be pleaded in
some form.  Id. at 33B34; see
also Villescas v. State, 189 S.W.3d 290, 292B93 (Tex.
Crim. App. 2006).  Notice must be
provided to the defendant so that he is aware that Aa
greater penalty is to be sought than for a first offense, and to enable him to
take issue thereon, and if possible show there is a mistake in identity, or
that there was no final former conviction or the like.@  Hollins v. State, 571 S.W.2d 873, 876
(Tex. Crim. App. 1978).








The State filed its original indictment in March
2007.  On August 31, 2007, the State
filed its notice of intent to enhance the punishment range applicable to Braun=s
prosecution, which indicated that Braun had previously been convicted of two
additional felony offenses.  The State
subsequently amended the original indictment. 
Although the amended indictment superseded the original indictment, it
did not have the effect of retroactively extinguishing the State=s
separate notice of its intent to use the prior felony convictions for
enhancement purposes.  Notwithstanding
the amended indictment, Braun received sufficient notice of the State=s intent
to use the felony convictions as required by Brooks.  See Brooks, 957 S.W.2d at 33B34.  We overrule Braun=s first
issue.

               VI. 
Motions for Mistrial and Directed Verdict








In his fourth and fifth issues, Braun argues that
the trial court erred by denying his motions for mistrial and motion for
directed verdict.[6]  Should this court determine that the trial
court erred by denying his motions for mistrial and motion for directed
verdict, he requests that we grant him a new trial on both guilt and
punishment or grant him a new trial on punishment only.  According to the agreed motion filed by the
State, however, Braun has now agreed that the case should be remanded for a new
punishment trial only, not for a new trial on guilt too.  Although the motion states that by agreeing
to a remand for a new punishment hearing, Braun Adoes not
waive his right to challenge his retrial on grounds that his double jeopardy
rights under federal and state constitutions have been violated,@  Braun=s double
jeopardy arguments are relevant to his second and third issues, not his fourth
and fifth issues.  Because Braun has
agreed that the case should be remanded for a new punishment trial, we need not
address his fourth and fifth issues to the extent they request that he be granted
a new trial on guilt in addition to punishment.[7]  See Tex. R. App. P. 47.1.  To the extent Braun contends in his fourth
and fifth issues that he is entitled to a new trial on punishment, we need not
further address these arguments because we have determined that Braun is
entitled to such relief under his second and third issues.  See id.








                                        VII. 
Conclusion

Having sustained in part Braun=s second
and third issues, we affirm the trial court=s
judgment of conviction, but we reverse the trial court=s
judgment on punishment and remand the cause for a new punishment trial because
the error identified above relates to punishment only.  See Tex. R. App. P. 43.2(d); Tex. Code
Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 2008); Mendez, 212 S.W.3d
at 389; Hernandez, 190 S.W.3d at 872; Wilson, 2003 WL 22853408,
at *7.

 

WILLIAM
BRIGHAM

JUSTICE

 

PANEL:  LIVINGSTON and MCCOY, JJ.; and WILLIAM
BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 5, 200

 











[1]See Tex. R. App. P. 47.4.





[2]The State abandoned the
enhancement paragraph contained in the amended indictment and, for enhancement
purposes, relied solely upon the two allegations contained in its August 31,
2007 notice of intent to enhance.





[3]Braun objected and moved
for a mistrial on this issue before the trial court allowed the State to reopen
for the purpose of reading the enhancement allegations and entering Braun=s plea.





[4]The amended indictment
alleged that Braun had previously been convicted of two other DWI
offenses.  See Tex. Penal Code
Ann. ' 49.04(a) (Vernon
2003), ' 49.09(b)(2) (Vernon
Supp. 2008).  An offense under section
49.04 is a felony of the third degree if it is shown at trial that the
defendant has previously been convicted two times of any other offense relating
to the operation of a motor vehicle while intoxicated.  Id. ' 49.09(b)(2).  The punishment range for an individual
adjudged guilty of a third-degree felony is imprisonment of not more than ten
years or less than two years.  Id.
' 12.34(a) (Vernon
2003).  However, if it is shown on the
trial of a felony offense (other than a state jail felony punishable under
section 12.35(a)) that the defendant has previously been finally convicted of
two felony offenses, and the second previous felony conviction is for an
offense that occurred subsequent to when the first previous conviction became
final, the defendant shall be punished by imprisonment for life or for any term
of not more than ninety-nine years or less than twenty-five years.  Id. ' 12.42(d) (Vernon
Supp. 2008).  Thus, the jury was
impermissibly able to consider a range of punishment of life or twenty-five to
ninety-nine years (as indicated by the trial court=s charge on punishment).





[5]The State does not
confess error on this issue.





[6]The State does not
confess error on these issues.





[7]Braun has nonetheless
waived his fourth and fifth issues requesting such relief.  To present an issue for appellate review, A[t]he brief must contain
a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.@  Tex. R. App. P. 38.1(h) (emphasis
added).  This requirement is not
satisfied by merely uttering brief conclusory statements unsupported by legal
citations.  Valadez v. Avitia, 238
S.W.3d 843, 845 (Tex. App.CEl Paso 2007, no pet.).  Failure to cite legal authority or provide
substantive analysis of the legal issue presented results in waiver of the
complaint.  Id.  Braun=s discussion of his fourth issue fails to cite
any relevant authority, including the applicable standard of review, and his
discussion of his fifth issue contains only one citation to a case for the
broad proposition that a trial court may declare a mistrial based on manifest
necessity.  His issues include no
citation and analysis of any authority addressing whether the trial court
abused its discretion by not granting his motions for mistrial or directed
verdict in light of the specific procedural issues addressed above, nor do his
issues set forth any authority supporting his contention that he is entitled to
a new trial on both guilt and punishment instead of only on punishment.  If there is any distinction between Braun=s motion for mistrial and
motion for directed verdict, Braun=s fifth issue fails entirely to address his
argument that the trial court erred by denying his motion for directed
verdict.  Thus, notwithstanding Braun=s agreement to remand the
case for a new punishment trial, to the extent Braun contends that he is
entitled to a new trial on both guilt and punishment, we hold that Braun failed
to preserve his fourth and fifth issues for appellate review.  See Tex. R. App. P. 38.1(h).