

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-08-130-CR

PATRICK BRAUN                                                APPELLANT

V.

THE STATE OF TEXAS                                                STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

A jury convicted Appellant Patrick Braun of the felony offense of driving while intoxicated, enhanced by two previous felony convictions, and sentenced him to forty years' confinement. In five issues, Braun argues that the State provided him with insufficient notice of its intent to enhance his punishment,

------------

[1] *See* Tex. R. App. P. 47.4.

that the punishment evidence is insufficient to support the State's enhancement allegations, and that the trial court erred by denying his motions for mistrial. We affirm in part and reverse and remand in part for a new punishment trial.

## II. CONFESSION OF ERROR AND AGREED REMAND

The State filed a "State's Confession of Error, Agreed Motion Requesting Remand For A New Punishment Hearing, and Agreed Waiver of Oral Argument." Therein, the State acknowledged that Braun "is entitled to a new punishment hearing" because the State presented all of its punishment evidence before arraignment, but Braun never stipulated to the evidence, and the State never reintroduced the evidence after arraignment. The State also acknowledged that this court has jurisdiction over the appeal if Braun was sentenced in open court on the date memorialized in the judgment. In an order dated December 9, 2008, we granted in part the portion of the State's motion requesting waiver of oral argument. We also stated that we would consider the remainder of the motion upon submission. Although the parties agreed to remand the case for a new punishment hearing, the rules of appellate procedure do not allow us to dispose of criminal cases by agreement other than by dismissing the appeal. *See Depew v. State*, 843 S.W.2d 87, 88–89 (Tex. App.—Dallas 1992, no pet.). *Compare* Tex. R. App. P. 42.1(a)(2) (providing that in civil cases, this court may, in accordance with agreement of the parties, "set aside the trial

2

court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreements"), *with* Tex. R. App. P. 42.2 (allowing appellate court to *dismiss appeal* in criminal cases upon appellant's filing a withdrawal of notice of appeal in accordance with the rule). Accordingly, we deny the remainder of the State's motion.

### III. BACKGROUND

The March 2007 original indictment alleged that Braun had committed DWI and that he had two previous convictions for DWI. The indictment further alleged in a single enhancement paragraph that Braun had been convicted of the felony offense of burglary of a building in Wise County, cause number 9138. On August 31, 2007, the State filed its notice of intent to enhance the punishment range applicable to Braun's prosecution, indicating that Braun had previously been convicted of two additional felony offenses—burglary of a building (cause number 0276862D in Tarrant County) and unlawful delivery of a controlled drug (cause number CF-95-23 in Mayes County, Oklahoma). Thereafter, on November 28, 2007, the State filed a motion to amend the original indictment, which the trial court granted on December 28, 2007. The amended indictment contained the same single enhancement paragraph as found in the original indictment (that Braun had been convicted of the felony offense of burglary of a building in Wise County, cause number 9138), but it

3

did not contain the two additional felony convictions set forth in the State's August 31, 2007 notice of intent to enhance Braun's punishment range.

After the jury found Braun guilty of felony DWI, the State proceeded to put on its punishment evidence—which included evidence supporting the two enhancement allegations set forth in the State's August 31, 2007 notice of intent to enhance punishment—before the enhancement allegations were read and before Braun had entered his plea thereon.[2] After both the State and Braun had rested and closed, the trial court permitted the State to reopen for the purpose of reading the enhancement allegations and taking Braun's pleas. The enhancement allegations were read, and Braun entered a plea of not true to the allegations. But the State did not reintroduce the evidence that it had put on prior to the reading of the allegations, nor did Braun stipulate to the previously introduced evidence. Both sides then made closing arguments after the charge was read to the jury. In assessing Braun's punishment at forty years' confinement, the jury found both enhancement allegations (unlawful delivery of a controlled drug, cause number CF-95-23, and burglary of a building, cause number 0276862D) to be true.

---

[2] The State abandoned the enhancement paragraph contained in the amended indictment and, for enhancement purposes, relied solely upon the two allegations contained in its August 31, 2007 notice of intent to enhance.

4

### IV. PUNISHMENT EVIDENCE AND ENHANCEMENT PROCEDURES

In his second and third issues, Braun argues that the evidence introduced by the State at punishment is legally insufficient to support the enhancement allegations because the State failed to read the allegations upon which it intended to rely for enhancement purposes and because the trial court failed to secure Braun's plea to the allegations before the State presented its punishment evidence. Citing the double jeopardy clauses contained within the federal and state constitutions, Braun additionally contends that this court must enter a finding of "not true" to the State's enhancement allegations and that relitigation of the enhancement allegations is prohibited.

It has long been the rule that the reading of the enhancement allegations and the entry of the defendant's plea thereon are mandatory and that no issue is joined between the State and the defendant with respect to the defendant's prior criminal record if this is not done. *Turner v. State*, 897 S.W.2d 786, 788 (Tex. Crim. App. 1995); *Welch v. State*, 645 S.W.2d 284, 285 (Tex. Crim. App. 1983); *Mendez v. State*, 212 S.W.3d 382, 388 (Tex. App.—Austin 2006, pet. ref'd); *see also* Tex. Code Crim. Proc. Ann. art. 36.01(a)(1) (Vernon 2007) (requiring that the indictment or information be read to the jury but that the nonjurisdictional enhancement allegations are not read until the punishment phase). After the enhancements are read and the defendant's plea is entered,

5

the State is required to introduce evidence in support of the enhancements. *Hernandez v. State*, 190 S.W.3d 856, 867 (Tex. App.—Corpus Christi 2006, no pet.). If the enhancement allegations are not read and the defendant's plea is not made prior to the introduction of evidence in support of the enhancements, the error can be cured by reading the enhancement paragraphs, having the defendant plead to it, and reintroducing the evidence. *Turner*, 897 S.W.2d at 789 n.5; *Welch*, 645 S.W.2d at 285; *Mendez*, 212 S.W.3d at 388; *Meadows v. State*, No. 08-05-00394-CR, 2007 WL 1651324, at *6 (Tex. App.—El Paso June 7, 2007, no pet.) (not designated for publication). It is error to permit the jury to consider enhancement evidence admitted before the entry of the defendant's plea. *Welch*, 645 S.W.2d at 285; *Mendez*, 212 S.W.3d at 388.

Here, the State's enhancement allegations were not read and Braun's plea to the enhancement allegations were not made prior to the introduction of the State's evidence in support of the enhancements. Although the State belatedly read the enhancement allegations and Braun entered his pleas, the State failed to reoffer its evidence, and Braun did not stipulate to the State's evidence.[3]

---

[3] Braun objected and moved for a mistrial on this issue before the trial court allowed the State to reopen for the purpose of reading the enhancement allegations and entering Braun's plea.

This code of criminal procedure article 36.01 violation renders insufficient the evidence supporting the jury's "True" findings to the enhancement allegations that Braun had a prior felony conviction for unlawful delivery of a controlled drug (cause number CF-95-23) and that prior to his commission of that offense, Braun had been convicted of the felony offense of burglary of a building (cause number 0276862D).

Caselaw addressing this issue indicates that this particular type of error is subject to a nonconstitutional error harm analysis. *See Mendez*, 212 S.W.3d at 388; *Hernandez*, 190 S.W.3d at 868–69; *see also Wilson v. State*, No. 05-02-01233-CR, 2003 WL 22853408, at *4–5 (Tex. App.—Dallas Dec. 3, 2003, pet. ref'd) (not designated for publication) (holding evidence insufficient to support enhancement allegation and stating that the "error implicates appellant's statutory right to . . . have the jury consider the correct punishment range but does not implicate appellant's constitutional rights"). Thus, we disregard the error unless it affected Braun's substantial rights. Tex. R. App. P. 44.2(b); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

Because the only evidence that Braun had been previously convicted of the two enhancement allegations was introduced before he entered his plea to the enhancement allegations, the evidence was not properly before the jury. The article 36.01 violation thus enabled the jury to consider a greater range of

7

punishment than what was legally permissible.[4]  The jury's punishment assessment of forty years' confinement falls within the range of punishment that the jury was impermissibly able to consider and beyond the range of punishment applicable to a third-degree felony.  *Compare* Tex. Penal Code Ann. § 12.34(a), *with* Tex. Penal Code Ann. § 12.42(d).  It is thus clear that the jury's consideration of the evidence for the purpose of enhancement harmed Braun.  *See Welch*, 645 S.W.2d at 285; *Mendez*, 212 S.W.3d at 388.  We hold that the error affected Braun's substantial rights.  *See* Tex. R. App. P. 44.2(b).

This particular type of error does not have double jeopardy implications. *See Bell v. State*, 994 S.W.2d 173, 175 (Tex. Crim. App. 1999) (adopting

---

[4] The amended indictment alleged that Braun had previously been convicted of two other DWI offenses.  *See* Tex. Penal Code Ann. § 49.04(a) (Vernon 2003), § 49.09(b)(2) (Vernon Supp. 2008).  An offense under section 49.04 is a felony of the third degree if it is shown at trial that the defendant has previously been convicted two times of any other offense relating to the operation of a motor vehicle while intoxicated.  *Id*. § 49.09(b)(2).  The punishment range for an individual adjudged guilty of a third-degree felony is imprisonment of not more than ten years or less than two years. *Id*. § 12.34(a) (Vernon 2003).  However, if it is shown on the trial of a felony offense (other than a state jail felony punishable under section 12.35(a)) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to when the first previous conviction became final, the defendant shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than twenty-five years.  *Id*. § 12.42(d) (Vernon Supp. 2008).  Thus, the jury was impermissibly able to consider a range of punishment of life or twenty-five to ninety-nine years (as indicated by the trial court's charge on punishment).

United States Supreme Court's holding that it would not violate federal double jeopardy principles to allow the State a second chance to present its proof of a previous conviction); *Ex parte Drake,* 212 S.W.3d 822, 825 (Tex. App.—Austin 2006, pet. ref'd) (stating that with respect to multiple punishments, the Texas constitution's guarantee against double jeopardy does not afford any greater protection than the Fifth Amendment); *Mendez*, 212 S.W.3d at 389; *Wilson v. State*, No. 05-05-01502-CR, 2007 WL 155111, at *1 (Tex. App.—Dallas Jan. 23, 2007, pet. ref'd) (not designated for publication). We sustain Braun's second and third issues to the extent that he complains about the sufficiency of the evidence to support the enhancement allegations in light of the code of criminal procedure article 36.01 violation.

### V. NOTICE

In his first issue, Braun argues that his punishment could not have been enhanced by the two felony conviction allegations contained in the State's August 31, 2007 notice of intent to enhance because the two felony conviction allegations in the notice were not included in the amended indictment. He reasons that the amended indictment, "which included the allegation of only one prior felony conviction for enhancement purposes, operated to supersede, and thereby foreclose submission to the jury of, the enhancement allegations contained in the State's prior 'notice' pleading." Braun thus specifically

9

contends that he was not on notice that the State intended to rely on the two prior felony convictions for enhancement purposes.[5]

A defendant is entitled to notice of the State's intention to use prior convictions for enhancement. *Brooks v. State*, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997). While it is the preferable method for providing notice, the State is not required to allege enhancements solely in the indictment; rather, they must simply be pleaded in some form. *Id*. at 33–34; *see also Villescas v. State*, 189 S.W.3d 290, 292–93 (Tex. Crim. App. 2006). Notice must be provided to the defendant so that he is aware that "a greater penalty is to be sought than for a first offense, and to enable him to take issue thereon, and if possible show there is a mistake in identity, or that there was no final former conviction or the like." *Hollins v. State*, 571 S.W.2d 873, 876 (Tex. Crim. App. 1978).

The State filed its original indictment in March 2007. On August 31, 2007, the State filed its notice of intent to enhance the punishment range applicable to Braun's prosecution, which indicated that Braun had previously been convicted of two additional felony offenses. The State subsequently amended the original indictment. Although the amended indictment superseded the original indictment, it did not have the effect of retroactively extinguishing

---

[5] The State does not confess error on this issue.

10

the State's separate notice of its intent to use the prior felony convictions for enhancement purposes. Notwithstanding the amended indictment, Braun received sufficient notice of the State's intent to use the felony convictions as required by *Brooks*. *See Brooks*, 957 S.W.2d at 33–34. We overrule Braun's first issue.

## VI. MOTIONS FOR MISTRIAL AND DIRECTED VERDICT

In his fourth and fifth issues, Braun argues that the trial court erred by denying his motions for mistrial and motion for directed verdict.[6] Should this court determine that the trial court erred by denying his motions for mistrial and motion for directed verdict, he requests that we grant him a new trial on *both* guilt and punishment or grant him a new trial on punishment only. According to the agreed motion filed by the State, however, Braun has now agreed that the case should be remanded for a new punishment trial only, not for a new trial on guilt too. Although the motion states that by agreeing to a remand for a new punishment hearing, Braun "does not waive his right to challenge his retrial on grounds that his double jeopardy rights under federal and state constitutions have been violated," Braun's double jeopardy arguments are relevant to his second and third issues, not his fourth and fifth issues. Because

---

[6] The State does not confess error on these issues.

11

Braun has agreed that the case should be remanded for a new punishment trial, we need not address his fourth and fifth issues to the extent they request that he be granted a new trial on guilt in addition to punishment.[7]  *See* Tex. R. App. P. 47.1.  To the extent Braun contends in his fourth and fifth issues that he is entitled to a new trial on punishment, we need not further address these arguments because we have determined that Braun is entitled to such relief under his second and third issues.  *See id.*

---

[7] Braun has nonetheless waived his fourth and fifth issues requesting such relief.  To present an issue for appellate review, "[t]he brief must contain a clear and concise argument for the contentions made, *with appropriate citations to authorities* and to the record."  Tex. R. App. P. 38.1(h) (emphasis added).  This requirement is not satisfied by merely uttering brief conclusory statements unsupported by legal citations.  *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).  Failure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint.  *Id.*  Braun's discussion of his fourth issue fails to cite any relevant authority, including the applicable standard of review, and his discussion of his fifth issue contains only one citation to a case for the broad proposition that a trial court may declare a mistrial based on manifest necessity.  His issues include no citation and analysis of any authority addressing whether the trial court abused its discretion by not granting his motions for mistrial or directed verdict in light of the specific procedural issues addressed above, nor do his issues set forth any authority supporting his contention that he is entitled to a new trial on both guilt and punishment instead of only on punishment.  If there is any distinction between Braun's motion for mistrial and motion for directed verdict, Braun's fifth issue fails entirely to address his argument that the trial court erred by denying his motion for directed verdict.  Thus, notwithstanding Braun's agreement to remand the case for a new punishment trial, to the extent Braun contends that he is entitled to a new trial on both guilt and punishment, we hold that Braun failed to preserve his fourth and fifth issues for appellate review.  *See* Tex. R. App. P. 38.1(h).

12

## VII. CONCLUSION

Having sustained in part Braun's second and third issues, we affirm the trial court's judgment of conviction, but we reverse the trial court's judgment on punishment and remand the cause for a new punishment trial because the error identified above relates to punishment only. *See* Tex. R. App. P. 43.2(d); Tex. Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 2008); *Mendez*, 212 S.W.3d at 389; *Hernandez*, 190 S.W.3d at 872; *Wilson*, 2003 WL 22853408, at *7.

WILLIAM BRIGHAM
JUSTICE

PANEL:  LIVINGSTON and MCCOY, JJ.; and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 5, 200

13